IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

MICHAEL VITELLARO,        )
       Plaintiff,       )
                        )
       v.           )        NO.
                        )
CITY OF PARK RIDGE, FRANK    )
KAMINSKI, COUNTY OF COOK    )
LYNN McCARTHY and KIM     )
FOXX,                 )
                        )
       Defendants,     )        JURY DEMAND

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MICHAEL VITELLARO, by and through his attorneys, THE LAW OFFICES OF TIM BIASIELLO, and DiFRANCO & ASSOCIATES, P.C., complaining against the Defendants, City of Park Ridge, Frank Kaminski, the County of Cook Lynn McCarthy, and Kim Foxx, and in furtherance thereof, states as follows

PARTIES

1.     The City of Park Ridge is a municipal corporation located in the County of Cook and the State of Illinois;

2.     Frank Kaminski was, at all times alleged in this Complaint, the Chief of the City of Park Ridge Police Department;

3.     The County of Cook is a municipal Corporation in the State of Illinois;

4.     Lynn McCarthy was at all times alleged in this Complaint an assistant State's Attorney in for the County of Cook;

5.     Kim Foxx, was at all times alleged in this Complaint, the States Attorney of the County of Cook;

6.      At all times alleged in this Complaint, Michael Vittellaro was a citizen of the City of Chicago, the County of Cook, and the State of Illinois.

JURISDICTION

7.      This Court has subject-matter jurisdiction over this matter pursuant to 28 28 U.S. C. § 1331

8.      The amount in controversy greatly exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests, costs, and attorneys' fees, as required to sustain subject-matter jurisdiction in this Court.

VENUE

9.      Venue is proper in the Northern District of Illinois in accordance with 28 U.S. Code § 1391(b) because all events occurred within the district, and all parties reside within the district.

FACTS

10.      On July 1, 2022, Nicholas Vitellaro (hereinafter referred to as "Nicholas") had ridden his new bicycle to the Park Ridge Library in the City of Park Ridge.

11.      After arriving, Nicholas entered the library, parking his bicycle outside in the designated location at that facility.

12.      Upon exiting the library, Nicholas noticed that his bicycle was missing from the location.

13.      Upon noticing that his bicycle was missing, Nicholas telephoned his father, Michael Vitellaro.

14.     Nicholas had not given anyone permission or authority, in any manner, to remove, or otherwise take possession of his bicycle

15.     After receiving the telephone call, Michael Vitellaro drove from his home in Chicago to meet his son in Park Ridge.   Upon arriving, Nicholas's  bicycle was missing from the location where he had placed it.

16.     On July 1, 2022, Michael Vitellaro was a Sergeant with the Chicago Police Department, who was off duty at the time that Michael Vitellaro received the call from his son.

17.     Michael Vitellaro immediately made a report of the theft of Nicholas's bicycle to the Park Ridge Police Department.

18.     Michael Vitellaro and Nicholas then drove through an area of  Park Ridge, at which time, Michael Vitellaro saw his son's bicycle parked at a different location within Park Ridge.

19.     Upon locating the bicycle, Michael Vitellaro parked his vehicle, and within a short time thereafter, he saw a young man, (hereinafter referred to as "J.N."),  take possession and control of Nicholas' bicycle.

20.     Upon observing J.N. take possession and control of the bicycle that had been moved from the location at which Nicholas  had parked it to another location without authority, Michael Vitellaro approached the young man, announced his authority as a police officer, detained him, and contacted the Park Ridge Police Department to report the theft and detention of J.N.

21.     At the time that Michael Vitellaro detained the J.N., multiple youths, many of whom were apparently friends or acquaintance of J.N. were present in the immediate vicinity.

22.     Shortly thereafter, several Park Ridge police officers appeared at the location, and conducted preliminary investigation by interviewing Michael Vitellaro, J.N., and various witnesses who were then and there present at the scene, including many of the young men who were friends, and or acquaintances of J.N.

23.     Park Ridge police officers did not arrest anyone at the scene, but gathered names and identifying information from those various witnesses in order to conduct further inquiry.

24.     Park Ridge Police Officers became immediately aware that Michael Vitellaro was a Sergeant with the the Chicago Police Department.

25.     That day, and in the subsequent days, Park Ridge police officers and detectives conducted various repeat interviews of the various witnesses, including J.N.,  at the Park Ridge police department, during which, the officers learned that J.N. was in possession and control of Nicholas' bicycle at or near the time he was detained.

26.     Immediately following this incident of July 1, 2022, the events associated with the detention of J.N. by Sergeant Vitellaro became a viral topic on a social media site  hosted by the Park Ridge Police Department, as well as on multiple popular social media sites hosted by local community members, and was a constant topic on a popular local social pod cast hosted by the mother of J.N.

27.     Hundreds of community members participated in this public social discourse demanding the arrest of Michael Vitellaro;  hundreds of community members engaged in public displays of solidarity with the demand for the arrest of Michael Vitellaro.

28.     Many hundreds of symbolic orange colored ribbons were placed on village trees and other locations throughout the Village of Park Ridge in support of a "paint the town orange"

4

campaign demanding that Michael Vitellaro be arrested; scores of community members personally appeared at subsequent Park Ridge Village Board Meetings, all proclaiming their anger at the Park Ridge Police Department for having failed to arrest and charge Michael Vitellaro for having engaged in criminal battery, insisting that the Park Ridge Police Department criminally charge Michael Vitellaro.

29.     The Chief of the Park Ridge Police Department, Frank Kaminski, and the Department itself, were subjected to intense criticism from hundreds of members of the Park Ridge community in which Frank Kaminski served, and he and the Department were accused of an unfair application of the law, covering up criminal activity by a fellow law enforcement officer, dereliction of duty, racism, and a general breach of trust with the community.

30.     Assistant States Attorney Lynn McCarthy also participated in the investigation of the incident in regard to the public claims of official misconduct by Michael Vitellaro and was aware of the extreme public social discourse demanding the arrest of Michael Vitellaro.

31.     Assistant States Attorney Lynn McCarthy was aware that Michael Vitellaro was a City of Chicago Police Sergeant on July 1, 2022, who was off duty at the time of the incident of July 1, 2022.

32.     After conducting inquiry the State's Attorney, determined that, at the time of the incident, Michael, was acting in his official capacity.

33.     On August 16, 2022, Lynn McCarthy authorized felony charges for Aggravated Battery and Official Misconduct to be lodged against Michael Vitellaro.

34.     On August 18, 2022, Michael Viterello was arrested, taken into custody, processed and charged with the criminal offenses of Aggravated Battery and Official Misconduct.

35.     Michael Vitellaro  was subsequently compelled to appear and to answer charges in the Circuit Court of Cook County in the criminal proceedings entitled "People of the State of Illinois v. Michael Vitellaro, 2022 CR 10085".

36.     Subsequent to his arrest, Michael Vitellaro was relieved of his duties as Sergeant of the Chicago Police Department.

37.     A trial of the criminal charge was subsequently conducted before the Honorable Judge Paul Pavlus in the Circuit Court of Cook County in June of 2023, and on June 16, 2023, the Plaintiff was found not guilty of the charges of aggravated battery and official misconduct.

COUNT  I.

42 U.S.C. § 1983
DEPRIVATION OF LIBERTY
WITHOUT PROBABLE CAUSE
VITELLARO v. KAMINSKI and CITY OF PARK RIDGE

38.     Plaintiff adopts Paragraphs 1-37 of as paragraph 38 of Count I.

39.     There was a law in effect in the State of Illinois as of August 18, 2022, 725 ILCS 5/107-16, which provided:

> Apprehension of offender. It is the duty of every sheriff, coroner, and every marshal, policeman, or other officer of an incorporated city, town, or village, having the power of a sheriff, when a criminal offense or breach of the peace is committed or attempted in his or her presence, forthwith to apprehend the offender and bring him or her before a judge, to be dealt with according to law; to suppress all riots and unlawful assemblies, and to keep the peace, and without delay to serve and execute all warrants and other process to him or her lawfully directed

40.     At the time that the Plaintiff detained J.N., he was a sworn police official who had observed J.N. commit the offense of possession of recently stolen property in his presence.

41.     The corporate limits of the City of Chicago adjoin the corporate limits of the City of Park Ridge.

42.     There was a law in effect in the State of Illinois as of August 18, 2022. 65 ILCS 5/7-4-7 which defined a police district in the following manner:

> "The territory which is embraced within the corporate limits of adjoining municipalities within any county in this State shall be a police district."

43.     There was a law in effect in the State of Illinois as of August 18, 2022, 65 ILCS 5/7-4-8) which provided:

> "The police of any municipality in such a police district have full authority and power as peace officers and may go into any part of the district to exercise that authority and power."

44.     At the time that the Plaintiff detained J.N., he had a duty to perform the acts for which he was criminally charged.

45.     The Defendant, Frank Kaminski, was the Chief of Police of the City of Park Ridge, and  the official with policy making authority for the City of Park Ridge with respect to law enforcement.

46.     The Defendant directly participated in the depriving the Plaintiff of the rights afforded him by the Fourth and Fourteenth Amendments by causing the Plaintiff to be charged with criminal offenses when he knew that the Plaintiff was authorized to perform the acts for which he was criminally charged.

47.    The Defendant was deliberately indifferent to the rights of the Plaintiff by failing to act to avoid or terminate criminal proceedings against the Plaintiff when he knew that the Plaintiff was authorized to perform the acts for which he was criminally charged.

48.    In the manner described above, the Defendant, Frank Kaminski, acting under color of law, and within the scope of his employment, disregarded exculpatory evidence known to him to be true, and accused Plaintiff of criminal activity and caused criminal proceedings to be instituted and continued against the Plaintiff without probable cause.

49.    In so doing, the Defendants, Kaminski and the City of Park Ridge, caused the Plaintiff to be deprived of his liberty without probable cause in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States.

50.    The Defendant, Kaminski and the City of Park Ridge initiated and continued to cause criminal proceedings to be initiated and continued against the Plaintiff for the improper purpose of satisfying the desires of the community that the Plaintiff be arrested notwithstanding the absence of probable cause for the arrest, which acts resulted in injury to the Plaintiff.

51.    The criminal proceedings were terminated in favor of the Plaintiff by a finding of not guilty.

52.    The misconduct of the Defendants as described in this Count was objectively unreasonable and it was undertaken intentionally, and in total disregard of the truth and the Plaintiff's innocence.

53.    As a result of the misconduct of the Defendants described in this Count, the Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation in the

community and injury to his professional reputation, emotional pain and suffering, economic

loss, and other continuing injuries and damages.

COUNT II.

42 U.S.C. § 1983
DEPRIVATION OF LIBERTY
WITHOUT PROBABLE CAUSE
Vitarello v. McCarthy, Foxx and the County of Cook

54.     Plaintiff adopts Paragraphs 1-53 as paragraph 54 of Count II.

55.     There was a law in effect in the State of Illinois as of August 18, 2022, 725 ILCS

5/107-16, which provided:

> Apprehension of offender. It is the duty of every sheriff, coroner, and every
> marshal, policeman, or other officer of an incorporated city, town, or village,
> having the power of a sheriff, when a criminal offense or breach of the peace is
> committed or attempted in his or her presence, forthwith to apprehend the
> offender and bring him or her before a judge, to be dealt with according to law; to
> suppress all riots and unlawful assemblies, and to keep the peace, and without
> delay to serve and execute all warrants and other process to him or her lawfully
> directed

56.     At the time that the Plaintiff detained J.N., he was a sworn police official who had

observed J.N. commit the offense of possession of recently stolen property in his presence.

57.     The corporate limits of the City of Chicago adjoin the corporate limits of the City

of Park Ridge.

58.     There was a law in effect in the State of Illinois as of August 18, 2022. 65 ILCS

5/7-4-7 which defined a police district in the following manner:

> "The territory which is embraced within the corporate limits of adjoining
> municipalities within any county in this State shall be a police district."

59.     There was a law in effect in the State of Illinois as of August 18, 2022, 65 ILCS 5/7-4-8) which provided:

> "The police of any municipality in such a police district have full authority and power as peace officers and may go into any part of the district to exercise that authority and power."

60.     At the time that the Plaintiff detained J.N., he had a duty to perform the acts for which he was criminally charged.

61.     The Defendant, Lynn McCarthy was deliberately indifferent to the rights of the Plaintiff by failing to act to avoid or terminate criminal proceedings against the Plaintiff when she knew that the Plaintiff was authorized to perform the acts for which he was criminally charged.

62.     In the manner described above, the Defendant, acting under color of law, and within the scope of her employment, disregarded exculpatory evidence known to her to be true to, and accused Plaintiff of criminal activity and caused criminal proceedings to be instituted and continued against the Plaintiff without probable cause.

63.     The Defendant, Lynn McCarthy caused the criminal proceedings to be initiated against the Plaintiff, and Lynn McCarthy, Kim Foxx and the County of Cook caused the criminal proceedings to be continued against the Plaintiff for the improper purpose of satisfying the desires of the community that the Plaintiff be arrested notwithstanding the absence of probable cause for the arrest, all of which acts resulted in injury to the Plaintiff.

64.     In so doing, Lynn McCarthy, the Defendant, Kim Foxx and the County of Cook, caused the Plaintiff to be deprived of his liberty without probable cause in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States.

10

65.     The Defendant, Kim Foxx, was the States Attorney of Cook County, Illinois, and the official with policy making authority for the County of Cook with respect to standards regarding initiating and continuing criminal prosecutions.

66.     The Defendant, Kim Foxx, directly participated in the depriving the Plaintiff of the rights afforded him by the Fourth and Fourteenth Amendments by causing the Plaintiff to be compelled to answer criminal proceedings when she knew that the Plaintiff was authorized to perform the acts for which he was criminally charged.

67.     The criminal proceedings were terminated in favor of the Plaintiff by a finding of not guilty.

68.     The misconduct of the Defendants as described in this Count was objectively unreasonable and it was undertaken intentionally, and in total disregard of the truth and the Plaintiff's innocence.

69.     As a result of the misconduct of the Defendants described in this Count, the Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation in the community and injury to his professional reputation, emotional pain and suffering, economic loss, and other continuing injuries and damages.

COUNT III

42 U.S.C. § 1983–Due Process Federal Malicious Prosecution
VITELLARO v. KAMINSKI and CITY OF PARK RIDGE

70.     Plaintiff incorporates paragraphs 1-69 of this Complaint as paragraph 70 of Count III.

71.     In the manner described more fully above, the Defendant, Frank Kaminski, individually, jointly and in conspiracy with others, acting within the scope of his employment, and under color of law, accused the Plaintiff of criminal activity and exerted influence to initiate, continue, and perpetuate criminal proceedings against the Plaintiff without any probable cause.

72.     In so doing, the Defendants caused the Plaintiff to be unreasonably seized without probable cause, deprived of his liberty, and compelled to participate in criminal proceedings, all in violation of the rights afforded him by the Fourth and Fourteenth Amendments.

73.     The criminal proceedings were initiated and continued against the Plaintiff maliciously resulting in injury to the Plaintiff.

74.     The Defendant, Kaminski, and the City of Park Ridge, caused the criminal proceedings to be initiated and caused them to be continued against the Plaintiff for the improper purpose of satisfying the desires of the community that the Plaintiff be arrested notwithstanding the Defendants' awareness that the Plaintiff was authorized to perform the acts for which he was charged,  and the Defendants were aware of the absence of probable cause for the arrest, all of which  resulted in injury to the Plaintiff.

75.     The criminal proceedings against the Plaintiff were terminated in his favor by a finding of not guilty.

76.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with reckless and deliberate indifference to the rights of the Plaintiff, and in disregard of the truth and Plaintiff's innocence.

77.     The Defendants' actions were undertaken under color of law and within the scope of their employment.

78.     As a result of the Defendants' misconduct as described in this County, the Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation in the community and injury to his professional reputation, emotional pain and suffering, economic loss, and other continuing injuries and damages.

79.     Defendants' misconduct described in this Count was undertaken pursuant to the policies, practices, and customs of the City of Park Ridge, and by Defendant, Frank Kaminski, who was the final policymakers for the Defendant City of Park Ridge in the manner set forth above.

COUNT IV

42 U.S.C. § 1983–Due Process Federal Malicious Prosecution
VITELLARO v. McCARTHY, FOXX and COUNTY OF COOK

80.     Plaintiff incorporates paragraphs 1-79 of this Complaint as paragraph 80 of Count IV.

81.     In the manner described more fully above, the Defendant, Lynn McCarthy, acting within the scope of her employment, and under color of law, caused the Plaintiff to be accused of criminal activity and she exerted influence to initiate, continue, and perpetuate criminal proceedings against the Plaintiff without any probable cause.

82.     In so doing, the Defendant, Lynn McCarthy caused the Plaintiff to be unreasonably seized without probable cause, deprived of his liberty, and compelled to participate in criminal proceedings, all in violation of the rights afforded him by the Fourth and Fourteenth Amendments.

13

83.     The criminal proceedings were initiated and continued against the Plaintiff maliciously, for an improper purpose, resulting in injury to the Plaintiff.

84.     The Defendant, Lynn McCarthy, caused the criminal proceedings to be initiated against the Plaintiff, and Lynn McCarthy, Kim Foxx and the County of Cook caused them to be continued against the Plaintiff for the improper purpose of satisfying the desires of the community that the Plaintiff be arrested notwithstanding that the Defendants were aware that the Plaintiff was authorized to perform the acts for which he was charged, and they were aware of the absence of probable cause for the arrest, all of which  resulted in injury to the Plaintiff.

85.     The criminal proceedings against the Plaintiff were terminated in his favor by a finding of not guilty.

86.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with reckless and deliberate indifference to the rights of the Plaintiff, and in disregard of the truth and Plaintiff's innocence.

87.     The Defendants' actions were undertaken under color of law and within the scope of their employment.

88.     As a result of the Defendants' misconduct as described in this County, the Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation in the community and injury to his professional reputation, emotional pain and suffering, economic loss, and other continuing injuries and damages.

89.     Defendants' misconduct described in this Count was undertaken pursuant to the policies,  practices, and customs of the County of Cook,  and by Defendant, Kim Foxx, who was the final policymaker for the Defendant County of Cook in the manner set forth above.

14

COUNT V.

Illinois Law- Malicious Prosecution
Frank Kaminski and City of Park Ridge

90.     Plaintiff incorporates paragraphs 1-89 as paragraph 90 of Count V.

91.     In the manner described more fully above, the Defendant, Frank Kaminski caused the Plaintiff to be accused of criminal activity and he exerted influence to initiate, continue and perpetuate judicial proceedings against the Plaintiff without any probable cause for doing so.

92.     The Defendant, Frank Kaminski,  despite knowing that probable cause did not exist to prosecute the Plaintiff for aggravated battery and official misconduct, acted individually, jointly, and/or in concert and in conspiracy with others, to cause the Plaintiff to be arrested and prosecuted for that crime.

93.     More specifically, the defendant, Frank Kaminski was aware that the Plaintiff was an off duty Chicago Police Officer who had witnessed a crime being committed in his presence.

94.     The Defendant, Frank Kaminski,was aware that the Plaintiff was authorized to perform the acts for which he was criminally charged.

95.     The Defendant, Frank Kaminski, was aware that the Plaintiff was under a duty to perform the acts for which he was criminally charged.

96.     The defendant, Frank Kaminski,  caused Plaintiff to be subjected improperly to judicial proceedings for which where was no probable cause.

97.     These judicial proceedings were maliciously instituted and continued for an improper purpose, resulting in injury to the Plaintiff.

15

98.     The criminal prosecution was terminated in favor of the Plaintiff by a finding of not guilty of all charges.

99.     The Defendant Frank Kaminski's actions were taken under color of law and within the scope of his employment.

100.    As a result of the Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

COUNT VI.

Illinois Law- Malicious Prosecution
McCarthy, Foxx  and County of Cook

101.    Plaintiff incorporates paragraphs 1-100 as paragraph 101 of Count VI.

102.    In the manner described more fully above, the Defendant Lynn McCarthy caused the Plaintiff to be accused of criminal activity and she exerted influence to initiate, continue and perpetuate judicial proceedings against the Plaintiff without any probable cause for doing so.

103.    At all times, the Defendant, Lynn McCarthy was acting as the assistant and agent of the Defendant, Kim Foxx.

104.    Kim Foxx was at all times the States Attorney of Cook County.

105.    The Defendants, despite knowing that probable cause did not exist to prosecute the Plaintiff for aggravated battery and official misconduct, acted individually, jointly, and/or in concert and in conspiracy with others, to cause the Plaintiff to be arrested and prosecuted for that crime.

106.    More specifically, the defendants were aware that the Plaintiff was an off duty Chicago Police Officer who had witnessed a crime being committed in his presence.

107.    The defendants were aware that the Plaintiff was authorized to perform the acts for which he was criminally charged.

108.    The defendants were aware that the Plaintiff was under a duty to perform the acts for which he was criminally charged.

109.    The defendants caused Plaintiff to be subjected improperly to judicial proceedings for which where was no probable cause.

110.    These judicial proceedings were maliciously instituted and continued for an improper purpose, resulting in injury to the Plaintiff.

111.    The criminal prosecution was terminated in favor of the Plaintiff by a finding of not guilty of all charges.

112.    The Defendants actions were taken under color of law and within the scope of their employment.

113.    As a result of the Defendants' misconduct described in this Count Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

COUNT  VII

Illinois Law– Intentional Infliction of Emotional Distress

Vitellaro v. Kaminski and City of Park Ridge

114.    Plaintiff incorporates paragraphs 1-113 as paragraph 114 of Count VII.

115.    The actions, omission, and conduct of the Defendants, as set forth above, were extreme and outrageous.  These actions were rooted in an abuse of power and authority and were undertaken with the intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff as more fully alleged above.

116.    The Defendants' actions were taken under color of law and within the scope of their employment.

117.    As a result of Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

## COUNT  VIII

### Illinois Law– Intentional Infliction of Emotional Distress
### Vitellaro v. McCarthy, Foxx, and County of Cook

118.    Plaintiff incorporates paragraphs 1-117 as paragraph 118 of Count VIII.

119.    The actions, omission, and conduct of the Defendants, as set forth above, were extreme and outrageous.  These actions were rooted in an abuse of power and authority and were undertaken with the intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff as more fully alleged above.

120.    The Defendants' actions were taken under color of law and within the scope of their employment.

121.    As a result of Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

COUNT IX
Illinois Law– Respondeat Superior
Vitarello v. Park Ridge

122.    Plaintiff incorporates paragraphs 1-121 as paragraph 122 of Count IX.

123.    While committing the acts alleged in the preceding paragraphs, the Defendant, Kaminski was an employee, and agent of the City of Park Ridge acting at all relevant times within the scope of his employment.

124.    Defendant, City of Park Ridge, is liable as principal for all torts committed by their agents.

COUNT X
Illinois Law– Respondeat Superior
Vitarello v. County of Cook

125.    Plaintiff incorporates paragraphs 1-124 as paragraph 125 of Count X.

126.    While committing the acts alleged in the preceding paragraphs, the Defendants, Lynn McCarthy and Kim Foxx were employees, and agents of the County of Cook, acting at all relevant times within the scope of their employment.

127.    Defendant, County of Cook, is liable as principal for all torts committed by their agents.

COUNT XI

Illinois Law – Indemnification
Vitarello v. City of Park Ridge

128.    Plaintiff incorporates paragraphs 1-127 as paragraph 128 of Count XI.

129.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment

19

130.    Defendants were employees, members, and agents of the City of Park Ridge, acting at all relevant times within the scope of their employment in committing the misconduct described herein.

## COUNT XII

Illinois Law – Indemnification
Vitarello v. County of Cook

131.    Plaintiff incorporates paragraphs 1-130 as paragraph 131 of Count VI.

132.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment

133.    Defendants, McCarthy and Foxx were employees and agent of the County of Cook, acting at all relevant times within the scope of their  employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, Michael Vitellaro respectfully requests that this Court enter a judgment in his favor and against the City of Park Ridge, former Police Chief, Frank Kaminski, the County of Cook, States Attorney Kim Foxx, and Lynn McCarthy awarding compensatory damages, attorney's fees and costs against each defendant, punitive damages against each of the individual defendants and other relief as this Court deems just and appropriate.

Respectfully submitted,

/S/    Tim  Biasiello

One of the Plaintiff's Attorneys

THE PLAINTIFF DEMANDS TRIAL BY JURY pursuant to Federal Rule of CivilProcedure 38(b) on all triable issues.

20

LAW OFFICES OF TIM BIASIELLO
617 West Devon Avenue
Park Ridge, IL 60068
847-951-1381
#0204501

DiFRANCO & ASSOCIATES, P.C.
617 West Devon Avenue
Park Ridge, IL 60068
847-825-7744
#6195782