**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL VITELLARO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 24-CV-04797** |
| **vs.** | ) | |
| | ) | **Honorable Franklin U. Valderrama** |
| | ) | |
| **CITY OF PARK RIDGE, FRANK** | ) | |
| **KAMINSKI, COUNTY OF COOK,** | ) | |
| **LYNN MCCARTHY AND KIM FOXX** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COOK COUNTY DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendants, Cook County ("Def. County") and Kim Foxx "S.A. Foxx") by their attorney, Cook County State's Attorney Kimberly M. Foxx, through Joseph A. Hodal Assistant State's Attorney, pursuant to Fed. R. Civ. P. 12(b)(6), hereby request this Court dismiss Plaintiff's Complaint (Dkt. #1) in its entirety. In support thereof, Defendants assert as follows:

### INTRODUCTION

Plaintiff's lawsuit stems from his arrest, charging, and criminal prosecution arising out of an incident involving the alleged theft of his minor son's bicycle from the Park Ridge Library where his son last left his bicycle. (*See* Dkt. #1 generally, Attached as Exhibit A). Plaintiff named several individuals he alleges were responsible for the violation of his constitutional rights when he was falsely charged with a felony crime, which caused criminal proceedings to be initiated against him. Plaintiff alleges that the charges were falsely brough for the improper purpose of satisfying the desires of the community, in the absence of probable cause, further depriving

1

Plaintiff of his liberty. This illegal conduct caused Plaintiff to suffer great mental anguish, humiliation, degradation in the community and injury to his professional reputation, emotional pain and suffering, economic loss, and other continuing injuries and damages. *See* Dkt. #1 generally, ¶¶ 53, 69, 79, 89, 100, 113, 117, and 121. The Complaint contains the following counts:

| | |
|---|---|
| Count I- | Deprivation of Liberty, 42 USC§. 1983-Ds. Kaminski/Park Ridge |
| Count II- | Deprivation of Liberty, 42 USC§. 1983-Ds. McCarthy/Foxx/County |
| Count III- | Due Process Fed. Mal. Pros., 42 USC§. 1983-Ds. Kaminski/Park Ridge |
| Count IV- | Due Process Fed. Mal. Pros., 42 USC§. 1983-Ds.-McCarthy/Foxx/County |
| Count V- | Illinois Malicious Prosecution-Ds. Kaminski/Park Ridge |
| Count VI- | Illinois Malicious Prosecution-Ds. McCarthy/Foxx/County |
| Count VII- | Illinois IIED-Ds. Kaminiski/Park Ridge |
| Count VIII- | Illinois IIED-Ds. McCarthy/Foxx/County |
| Count IX- | Illinois *Respondeat Superior*-D. Park Ridge |
| Count X- | Illinois *Respondeat Superior*-D. County of Cook |
| Count XI- | Illinois Indemnification-D. Park Ridge |
| Count XII- | Illinois Indemnification-D. County of Cook |

Here, S.A. Foxx is absolutely immune from civil liability against all federal and state law claims against them. *See, e.g. Hobbs v. Cappelluti,* 899 F. Supp. 2d. 738, 769 (N. D. Ill. 2012). The Sec. 1983 claims in Ct. II and IV should be dismissed because Plaintiff fails to state a claim against them for the reasons to follow. Plaintiff's *respondeat superior* and indemnification claims should be dismissed for Cook County cannot be liable under a *respondeat superior* theory for the alleged constitutional torts committed by its employees.

## STATEMENT OF RELEVANT FACTS

Plaintiff's complaint stems from Plaintiff's arrest and charging arising from a July 01, 2022, incident involving Plaintiff's son's bicycle being stolen from the Park Ridge Library in Park Ridge, Illinois. Compl. at ¶ 10, Dkt. # 1. In summary, on the above date and time, the Plaintiff, who was an off off-duty sergeant with the Chicago Police Department, received a telephone call from his minor son, Nicholas, after finding that his bicycle was missing from the location where he last left the bicycle, and Nicholas did not give anyone permission or authority to take possession

of his bicycle. *Id.* at ¶¶ 12-16. Plaintiff immediately filed a report with the Park Ridge Police Department, he and his son drove around an area within Park Ridge, and they found his son's bicycle, which was parked at different location. *Id.* at ¶¶ 17-18. Plaintiff located his son's bicycle, parked his vehicle, and as he approached, Plaintiff saw a young man, (hereinafter referred to as "J.N."), take possession and control of his son's bicycle. *Id.* at ¶¶ 19.

Plaintiff approached the young man, he announced his authority as a police officer, detained J.N., and contacted the Park Ridge Police Department to report theft and detention of J.N. *Id.* at ¶¶ 20. As Plaintiff detained J.N., multiple youths, many of whom were acquaintances of J.N. were present in the immediate vicinity. *Id.* at ¶¶ 21. Park Ridge Police officers arrived at the scene and conducted a preliminary investigation by interviewing Plaintiff, (and learned that he was a Chicago Police sergeant) and various others who were present, including many of the acquaintances of J.N., but no arrests were made. *Id.* at ¶¶ 22-24.

Park Ridge Police continued the investigation and learned that J.N. was in possession and control of Nicholas' bicycle at or near the time he was detained. *Id.* at ¶ 25. Immediately following the incident on July 1, 2022, these events [by way of video] became a viral topic on social media site hosted by the Park Ridge Police Department, as well as on multiple popular social media sites hosted by local community members, and it was a constant topic on a popular local social podcast hosted by mother of J.N. Many hundreds of symbolic, orange-colored ribbons were placed on village trees and other locations throughout the Village of Park Ridge in support of a "paint the town orange" campaign demanding that Plaintiff be arrested. *Id.* at ¶¶ 27-28.

Angered community members appeared before the Park Ridge Village Board Meetings insisting that Plaintiff be criminally charged, and the Chief of the Park Ridge Police Department, Def. Frank Kaminski ("Def. Kaminski"), and the police department were subjected to intense

criticism alleging an unfair application of the law, covering up criminal activity by a fellow law enforcement officer, dereliction of duty, racism, and a general breach of trust with the community. *Id.* at ¶¶ 29.

Def. McCarthy, an Assistant State's Attorney, was aware that Plaintiff was an off-duty City of Chicago Police sergeant, that Plaintiff was acting in his official capacity; however, on August 16, 2022, Def. McCarthy authorized felony charges for Aggravated Battery and Official Misconduct to be lodged against Plaintiff. *Id.* at ¶¶ 31-33. On August 18, 2022, Plaintiff was arrested, taken into custody, processed, and charged with felony offenses, where he was compelled to appear and answer the felony criminal charges in Circuit Court of Cook County in "People of State of Illinois v. Michael Vitellaro, 2022CR10085". *Id.* at ¶¶ 34-35. On June 16, 2023, Plaintiff was acquitted of all criminal charges following a bench trial. *Id.* at ¶ 37. Plaintiff filed this lawsuit on June 10, 2024. *See* Dkt. #1 generally.

**STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not the merits of the case. *See* Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). To meet Rule 12(b)(6) pleading requirements, a plaintiff's Complaint must "state a claim to relief that is plausible on its face." *McCauley v. City of Chi.,* 671 F.3d 611, 615 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). "It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The Supreme Court in *Iqbal* set forth a two-prong inquiry for reviewing 12(b)(6) dismissals. *First*, pleadings consisting of conclusory allegations are not accepted as true when

4

reviewing the complaint's sufficiency. This includes conclusory statements "couched" as factual allegations, and recitations of the elements. *Second*, after excising the conclusory allegations from the complaint, any well-pled factual allegations are accepted as true, and the Court must determine whether the remaining well-pled facts "plausibly give rise to an entitlement to relief." *Iqbal* at 679. Additionally, "[l]itigants may plead themselves out of court by alleging facts that establish defendant's entitlement to prevail." *Bennett v. Schmidt,* 153 F.3d 516, 519 (7th Cir. 1998), and a court is not required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady,* 975 F.2d 366, 368 (7th Cir. 1992).

## ARGUMENT

### I. PLAINTIFF'S ALLEGATIONS AGAINST DEF. FOXX ARE NOT WELL-PLED AND SHOULD NOT BE GIVEN THE PRESUMPTION OF TRUTH.

In summary, after stripping down plaintiff's use of improper rhetoric and conclusions, Plaintiff's allegations leave no basis for a plausible claim upon which relief can be granted against S.A. Foxx. Plaintiff does not specify as to whether he is naming S.A. Foxx in her official capacity or in her individual capacity, and Plaintiff fails to allege any specific facts outlining S.A. Foxx's individual conduct, her actions, her role, or any policies (if she is being named in her official capacity). Dkt. #1 generally. In fact, Plaintiff's complaint impermissibly "group pleads" his allegations against that both S.A. Foxx and McCarthy, without any good faith basis in fact or law. Plaintiff alleges that "Def. McCarthy caused the criminal proceedings to be initiated against the Plaintiff, and McCarthy, Kim Foxx, and the County of Cook caused the criminal proceedings to be continued against the Plaintiff for the improper purpose of satisfying the desires of the community, and that the Plaintiff be arrested without the absence of probable cause for the arrest, all of which resulted in the injury to the Plaintiff." *Id.* at ¶¶ 63. Further, Plaintiff alleges the following: that "Lynn McCarthy, the Defendant Kim Foxx and the County of Cook caused Plaintiff

5

to be deprived of his liberty…"; "…Defendant Kim Foxx, was the States Attorney of Cook County, Illinois, and the official with policy making authority for County of Cook with respect to standards regarding initiating and continuing criminal prosecutions"; and "[t]he Defendant Kim Foxx, directly participated in the depriving the Plaintiff of the rights afforded by him…." *Id.* at ¶¶ 64-66. In sum, the complaint is devoid of any specific allegations describing S.A. Foxx's conduct and merely makes conclusory allegations; and therefore, it is impossible to know what conduct is alleged to have violated Plaintiff's rights. *See* Dkt. #1 generally.

Through this use of "group pleading" Plaintiff's complaint fails to place S.A. Foxx on notice as to which actions she must defend against, or which injuries she allegedly caused. See *Id.* generally. "Details about who did what are not merely nice-to-have features of an otherwise-valid complaint; to pass muster under Rule 8 of the Federal Rules of Civil Procedure, a claim to relief *must* include such particulars." *Atkins v. Hasan,* 2015 U.S. Dist. LEXIS 80176, *7 (N.D. Ill. 2015)(emphasis in original). Plaintiff's complaint lacks the necessary details regarding the role that S.A. Foxx was alleged to have had in the Plaintiff's arrest, charging, and the prosecution of Plaintiff; and therefore, it should be dismissed with prejudice.

## II. S.A. FOXX IS ENTITLED TO ABSOLUTE PROSECUTORIAL IMMUNITY.

First, the claims against S.A. Foxx are barred by absolute immunity. It is well settled that prosecutors, including the elected State's Attorney, are absolutely immune from suits for damages related to their initiation and presentation of the state's case. *Imbler v. Patchman,* 424 U.S. 409, 431 (1976). "[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power,* 346 F. 3d. 740, 742 (7th Cir. 2003). The policy served is "concern that harassment by unfounded litigation" could "cause a deflection of the prosecutor's energies form his public duties" and lead

him to shade his decisions instead of exercising the independent judgement required by the public trust." *Imbler,* 424 U.S. at 423. The *Imbler* court held that whether or not an action falls within the scope of his prosecutorial duties is determined by its function. *Id.* The *Imbler* court recognized that the "duties of a prosecutor in his role as advocate for the State involves actions preliminary to the initiation of a prosecution," and " decisions on a wide variety of sensitive issues" including "questions of whether to present a case to a grand jury, whether to file an information, whether and when to prosecute…" *Id.* at 431 n. 33. Furthermore, "[p]reparation, both for the initiation of the criminal process and for a trial, may require obtaining, reviewing, and evaluating evidence." *Id.* The Court observed in *Imbler* that an out-of-court "effort to control the presentation of [a] witness' "testimony" is entitled to absolute immunity." *Id.* at 430 n. 32.

For purposes of absolute immunity, it is irrelevant whether the protected parties acted negligently, with malice, or in bad faith. *Bradshaw v. DeGand,* 1992 U. S. Dist. LEXIS 911, *4 (N.D. Ill. January 30, 1992 (Conlon, J.)(citing *Stump v. Sparkman,* 435 U.S. 349, 356 (1978) (absolute immunity for the judiciary precludes civil actions, even when a judge acts in bad faith)). When considering an immunity defense, a court should focus on the conduct for which immunity is claimed, not the harm that that the conduct allegedly caused or the question of whether it was lawful. *Buckley v. Fitzsimmons,* 509 U. s. 259, 271 (1993). Immunity is immune from suit, not merely a defense to liability. See, e.g. *Mitchell, v. Forsyth,* 472 U. S. 511, 526 (1985)(discussing qualified immunity).

In *Fields v. Wharrie,* 672 F. 3d 505 (7th Cir. 2012), after the plaintiff's murder conviction was reversed and he was granted a certificate of innocence, he sued several prosecutors involved in his criminal prosecution. The Seventh Circuit held in *Fields* that a prosecutor is absolutely immune from suit for all actions and decisions in furtherance of his prosecutorial duties and found that

absolute immunity extends beyond and individual prosecutor's decision to indict or try a case. *Fields,* 672 F.3d at 509.

When "determining whether particular actions of government officials fit within a common-law tradition of absolute immunity, or only the more general standard of qualified immunity, [courts] have applied a functional approach,' "looking to the "nature of the function performed, not the identity of the actor who performed it." *Smith v. Burge,* 222 F. Supp.3d 669, 694 (N.D. Ill. 2016) (citing *Buckley,* 509 U.S. at 269) When considering a prosecutor's function, a significant factor is whether probable cause to arrest plaintiff existed." *Hill v. Coppelson,* 627 F.3d 601, 605 (7th Cir. 2010). (Citing *Buckley,* 509 U.S. at 274). Once probable cause exists to arrest a plaintiff, a prosecutor can consider herself to an advocate for the State. *Id.*

Prosecutors are entitled to absolute immunity under Illinois law as well. In evaluating whether a prosecutor is entitled to absolute immunity under Illinois law, Illinois courts have mirrored the United States Supreme Court's pronouncement in *Imbler.* See. e.g., *White v. City of Chicago,.* 369 Ill. App. 765 (1st Dist. 2006). Moreover, courts in this District have consistently applied the analysis in *Imbler* to state law claims of malicious prosecution and conspiracy. See, e.g., *Harris v. City of Chicago,* No. 14 C 4391, 2015 WL 1331101, *7 (N.D. Ill. Mar. 19, 2015)(dismissing both federal and state law claims on absolute immunity grounds).

Here Plaintiff, alleges that on August 16, 2022, Lynn McCarthy authorized felony charges for Aggravated Battery and Official Misconduct to be lodged against Michael Vitellaro (Dkt. #1, ¶ 33), and that on August 18, 2022, Michael Vitellaro was arrested, taken into custody, processed, and charged with criminal offenses of Aggravated Battery and Official Misconduct. *Id.* at ¶ 34. S.A. Foxx and McCarthy are prosecutors, not peace officers; and therefore, they have no power to effectuate an arrest under Illinois law. *See* 55 ILCS 5/3-9005 generally (Powers and duties of

State's Attorney). Plaintiff alleges that Plaintiff was a Chicago Police sergeant on July 1, 2022 (Dkt. #1, ¶16), and that he was a sworn police official who had observed J.N. commit the offense of possession of recently stolen property in his presence. However, Plaintiff acknowledges (by pleading facts) that he was off-duty, which implies that he was not working, not in any police uniform, not driving a police vehicle; and therefore, not immediately recognizable by a reasonable person (or reasonable minor) as a peace officer. Dkt. #1, ¶¶16, 40. Plaintiff's complaint alleges that he announced his authority as a peace officer, detained him [J.N.] and contacted the Park Ridge Police Department to report the theft and detention of J.N. *Id.* at ¶ 20. Coincidentally, plaintiff alleges that "[a]t the time Michael Vitellaro detained the J.N., multiple youths, many of whom were apparently friends or acquaintance[s] of J.N. were present in the immediate vicinity. *Id.* at ¶21. Plaintiff further alleges that "[s]hortly thereafter, several Park Ridge police officers appeared at the location…" and "Park Ridge Police Officers became immediately aware that Michael Vitellaro was a Sergeant with the Chicago Police Department." *Id.* at ¶ 24. Nevertheless, Plaintiff neglects to allege how, or when, J.N. or his acquaintances became aware that Plaintiff was a Chicago Police officer, if ever. *Id.* generally. This incident took place in Park Ridge, not in Chicago, and although Plaintiff points out the relevant law regarding peace officers from adjoining municipalities operating within any county in this State, "[they] shall be authorized to make extra-territorial arrests," his allegations equally acknowledge well pled facts establishing the existence of probable cause for his commission of the offense of Battery, and Aggravated Battery. *Id.* at ¶ 42, citing 65 ILCS 5/7-4-7, 65 ILCS 5/7-4-8. Battery is a criminal offense in Illinois, (a) A person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual. 720 ILCS 5/12-3. Similarly, under Illinois law: "Offense based on location of conduct-

A person commits aggravated battery when, in committing a battery, other than by discharge of a firearm, he or she is or the person battered in on or about the public way, public property, a public place of accommodation, ...." See 720 ILCS 5/12-3.5(c),

While Plaintiff denies that probable cause existed and that his conduct with respect to detaining J.N. was justified, he cannot dispute that it can also easily be inferred by his plead facts that his conduct equally supports the elements set forth above for a battery under section (a)(2), and it is reasonably inferred that this interaction with J.N. took place on the public way, or public property. See Dkt. #1, at ¶19-22.

Next, Def. McCarthy, and not S.A. Foxx, is alleged to have initiated the criminal case against the Plaintiff. Assuming, arguendo, Plaintiff's allegation that S.A. Foxx caused the criminal proceedings to be continued against the Plaintiff for the improper purpose of satisfying the desires of the community, that [S.A.] Foxx, was the States Attorney of Cook County, Illinois and caused the Plaintiff to be compelled to answer criminal proceedings when she knew that the Plaintiff was authorized to perform the acts for which he was criminally charged (Id. at ¶¶ 65-66), S.A. Foxx's actions would unquestionably fall well within those functions performed in her role as the State's Attorney, "when and whether to prosecute" and therefore would be protected by absolute immunity. See *Infra,* Citing *Imbler v. Patchman,* 424 U.S. 409, 431 (1976). In fact, even if true, a charging decision by McCarthy (and/or Foxx) and the subsequent prosecution, would have entitled both prosecutors to immunity. If the sole allegations against S.A. Foxx have to do with her being an official with policy making authority, then Plaintiff's failure to specifically describe any conduct by S.A. Foxx, or connect her in any way with the decision to charge Plaintiff, is still conduct protected by absolute immunity. *See* Dkt. #1 generally.

As further established below, Plaintiff's conclusory allegation that S.A. Foxx was "the official with policy making authority for County of Cook with respect to standards regarding initiating and continuing prosecutions" is without any basis of fact, and certainly does not appropriately describe her functions as outlined by the Illinois Legislature in the Duties of the States Attorney. *See* 55 ILCS 5/3-9005 generally.

### III. PLAINTIFFS ALLEGATIONS AGAINST FOXX ALLEGING VIOLATOIN OF DUE PROCESS (CT. II and IV) AND THE MALICIOUS PROSECUTION CLAIMS (CT. VI and VII) ARE CONCLUSORY AND IMPLAUSIBLE ON ITS FACE AND DO NOT ALLEGE FACTS REGARDING FOXX'S PERSONAL INVOLVMENT

In the absence of absolute immunity, plaintiff's claims against Foxx fail under those pleading requirements set forth in Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10. Equally, the allegations are conclusory and implausible on its face. In other words, even in the absence of immunity, the plaintiff's claims are improperly group pled, and that which is pled with specificity, are still insufficient.

To the extent Plaintiff alleges that S.A. Foxx was involved in any of the misconduct, those allegations should be dismissed for failure to satisfy Rule 8's pleading requirements. To state a claim under §1983 or Illinois state law, a plaintiff must allege facts sufficient to demonstrate that a particular defendant was personally involved in the deprivation of plaintiff's rights. *Bank of Am. V. Knight,* 725 F. 3d 815, 818 (7th Cir. 2013) (holding that a plaintiff must give notice such that "[e]ach defendant...know[s] what he or she did that is asserted to be wrongful," even for conspiracy allegations); *Swanson v. Citibank,* 614 F.3d 400, 404 (7th Cir. 2010)(stating that to survive a Rule 12(b)(6) motion, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together"). Allegations that "defendants" [or "Defendant Officers"] committed some act, "without any details about who did what...is inadequate" under

*Iqbal* and *Twombly,* and "does not propound a plausible contention that a particular person did anything wrong." *Knight,* 725 F.3d at 818. Accordingly, any "complaint based on a theory of collective responsibility must be dismissed." *Id.*

Further, Plaintiff improperly collectively incorporates defendants McCarthy and S.A. Foxx in Counts II, IV, VI, and VIII in the following: "[a]s a result of the misconduct of the Defendants described in this Count, the Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation in the community and injury to his professional reputation, emotional pain and suffering, economic loss, and other continuing injuries and damages." ¶¶ 69, 88, 113, and 121.

Finally, if you strip away the conclusory allegations, we are left with S.A. Foxx was the State's Attorney of Cook County when Plaintiff was arrested, charged, and prosecuted for criminal offenses, and that is it. No additional facts specifically attribute wrongful conduct to S.A. Foxx, and accordingly, all allegations against Foxx must be dismissed.

## IV. PLAINTIFF HAS FAILED TO ALLEGE A DUE PROCESS CLAIM THAT IS PLAUSIBLE ON ITS FACE.

Plaintiff's advances several theories of liability: 1) Deprivation of Liberty with Probable Cause; 2) Federal and State Malicious Prosecution Claims; and 3) and state Intentional Infliction of Emotional Distress. Even in the absence of prosecutor immunity, and assuming, *arguendo*, that Plaintiff has alleged specific allegation against S.A. Foxx, Plaintiff's due process violations fail to adequately state a plausible claim and therefore Counts II, IV, VI, and VIII must be dismissed.

S.A. Foxx's alleged conduct, is the following: "...Kim Foxx and the County of Cook, caused Plaintiff to be deprived of his liberty without probable cause in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States"; "...Foxx, was the States Attorney of Cook County, Illinois, and the official with policy making authority for Cook County with respect to standards initiating and continuing criminal prosecutions"; "...Foxx, directly

12

participated in the depriving the Plaintiff of his rights afforded him by the Fourth and Fourteenth Amendments by causing the Plaintiff to be compelled to answer criminal proceedings when she knew the plaintiff was authorized to perform the acts for which he was criminally charged"; "…Kim Fox and the County of Cook caused them [criminal proceedings] to be continued against the Plaintiff for the improper purpose of satisfying the desires of the community…."; and "Defendants' misconduct…by Defendant, Kim Foxx, who was the final policymaker for the Defendant County of Cook….".  Dkt. #1at ¶¶ 64, 65, 66, 84, and 89.

Most significantly is what is not plead, there are no facts in the complaint asserting or describing Foxx knew there to be an absence of probable cause, was present for any interviews, spoke to any Park Ridge law enforcement officers, that it was S.A. Foxx who initiated charges, or that S.A. Foxx prosecuted Plaintiff. *See* Dkt. #1 generally.

Plaintiff asserts that Def. McCarthy was acting as an assistant state's attorney within the Cook County State's Attorney's office in relation to the initiation of the State's case against Plaintiff on behalf of the Cook County State's Attorney's Office.  Compl. ¶ 33.  It is unclear as to whether Plaintiff alleges that these duties are analogous to that of an assistant state's attorney assigned to the Felony Review Unit, which involve interviewing witnesses and suspects, reviewing evidence gathered by the police in their investigation, taking statements from suspects and witnesses, deciding what information is necessary for trial, and approving or declining to approve felony charges.   See *Hampton v. City of Chicago,* 349 F. Supp.2d 1075, 1081 (N.D. Ill. 2004). Since, Def. McCarthy is not alleged to have been functioning in a role such as a Felony Review Unit Assistant, as was the prosecutor in *Hampton,* she was functioning in her role as declining or approving felony charges, a role that is protected under absolute immunity.  The allegations are woefully insufficient, for Plaintiff's allegations amount to nothing more than what is clearly

prohibited-threadbare recitals of elements of a cause of action. *Igbal,* 566 U.S. at 678. Thus, if the Court, strips away the conclusory rhetoric, Counts II, IV, and VII should be dismissed.

## V. PLAINTIFF'S *RESPONDEAT SUPERIOR* AND INDEMNIFICATION CLAIMS SHOULD BE DISMISSED

Plaintiff alleges that "Defendant, Kim Foxx, was the States Attorney of Cook County, Illinois, and the official with policy making authority for the County of Cook with respect to standards initiating and continuing criminal prosecutions" and "Defendants' misconduct described in this Count (Ct. IV) was undertaken pursuant to the policies, practices, and customs of the County of Cook, and by Defendant, Kim Foxx, who was the final policy maker for Defendant County of Cook in the manner set forth above." Compl. at ¶¶65, 89. Even if we were to liberally construe these allegations, as against S.A. Foxx in her official capacity for some type of policy, or policy making decision, Plaintiff still fails to properly assert a *Monell* claim against Cook County. See *Monell v. Dep't. of Soc. Servs.,* 436 U. S. 658 (1978). Simply stated, S.A. Foxx is the elected State's Attorney of Cook County, but she is not the final policy maker of the County of Cook. *See* 55 ILCS 5/3-9005 generally. Additionally, a more careful reading of the Supreme Court's opinion would have made clear that Plaintiff cannot recover from Cook County under § 1983 on a *respondeat superior* theory ("a municipality cannot be liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") *Monell,* 436 U. s. at 691. Because Counts II and IV are brought under § 1983, Cook County may not be held liable under a *respondeat superior* theory for the any of the alleged constitutional torts committed by its employees.

Furthermore, both Plaintiff's *respondeat superior* and indemnification claims must be dismissed because the underlying claims against the prosecutor, S.A. Foxx, they must be dismissed. *Respondeat superior* liability is entirely derivative. *Moy v. Cook Cty.,* 159 Ill. 2d. 519,

524 (1994). Because the prosecutor defendants (Def. McCarthy and Def. Foxx) are entitled to absolute immunity as to all claims against them, there are no surviving claims against Cook County to which *respondeat superior* liability can attach. Without a surviving claim against the individual prosecutor Defendants, there can be no liability and no obligation by Cook County to indemnify. Thus, the indemnification claim against Cook County must also be dismissed with prejudice.

## CONCLUSION

*Wherefore,* the Cook County Defendants (Cook Cty. And S.A. Foxx) respectfully request that this Court dismiss Plaintiff's complaint in its entirety, with prejudice, decline supplemental jurisdiction of the remaining state law claims, and award any further relief this Court deems just.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

/s/ Joseph A. Hodal
Joseph A. Hodal
Cook Co. State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-5470

## CERTIFICATE OF SERVICE

I, Joseph A. Hodal, hereby certify on August 08, 2024, I have caused a true and correct copy of Cook County Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P 12(b)(6) to be sent via e filing to all counsel of record in accordance with these rules regarding the services of documents.

/s/ Joseph A. Hodal
Joseph A. Hodal
Cook Co. State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-5470