IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL VITELLARO, | ) |
|        Plaintiff, | ) Case No. 24-CV-4797 |
| v. | ) District Judge Franklin U. Valderrama |
| CITY OF PARK RIDGE, *et al.*, | ) Magistrate Judge Young B. Kim |
|        Defendants. | ) |

**DEFENDANT LYNN MCCARTHY'S RULE 12(B)(6) MOTION TO DISMISS**

Defendant, Lynn McCarthy, moves under Rule 12(b)(6) to dismiss Plaintiff's Complaint (dkt. 1) with prejudice, and states as follows:

**I. Introduction**

Plaintiff alleges in his § 1983 Complaint that Defendant, a prosecutor, approved and initiated criminal charges against him without probable cause after the police investigated Plaintiff's detainment of a minor who supposedly stole Plaintiff's son's bicycle. Plaintiff further alleges that Defendant authorized the charges to appease the public outcry for Plaintiff's arrest.

Plaintiff's theory against Defendant cannot survive a motion to dismiss under binding Seventh Circuit precedent. Time and again, the Seventh Circuit has held that a prosecutor is immune from suit when she approves or initiates criminal charges, even if she does so maliciously and without probable cause. This longstanding doctrine is fatal to Plaintiff's case against Defendant. Thus, Defendant must be dismissed with prejudice.

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When reviewing the sufficiency of the allegations, factual allegations are taken as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

A dismissal based on absolute immunity is a dismissal with prejudice. *Serrano v. Guevara*, 315 F. Supp. 3d 1026, 1037 (N.D. Ill. 2018) (citing *Koorsen v. Dolehanty*, 401 F. App'x 119, 120 (7th Cir. 2010)). A prosecutor who is entitled to immunity on a plaintiff's federal claims is also entitled to immunity on the state law claims that are based on the same factual allegations. *Wilson v. Burge*, 667 F. Supp. 3d 785, 843 (N.D. Ill. 2023) (Valderrama, J.) (citing *Kitchen v. Burge*, 781 F. Supp. 2d 721, 737 (N.D. Ill. 2011)); *see also*, *Tobey v. Chibucos*, 890 F.3d 634, 649 (7th Cir. 2018) ("Illinois courts follow the federal law on absolute immunity.") (citations omitted).

## III. Plaintiff's Allegations

On July 1, 2022, Plaintiff's minor son, Nicholas Vitellaro ("Nicholas"), rode his bicycle to the Park Ridge Library. (Dkt. 1, Pl.'s Compl. ¶ 10, June 10, 2024.) Nicholas parked his bicycle outside the library and went inside, but when he went to retrieve his bicycle, it was gone. (*Id.* ¶¶ 11-12.) Nicholas promptly called the Plaintiff, a Chicago Police Sergeant, who was off-duty at the time and drove to meet Nicholas. (*Id.* ¶¶ 13, 15-16.)

Plaintiff arrived at the library and immediately reported the bicycle theft to the Park Ridge Police Department. (Dkt. 1 ¶ 17.) He and Nicholas then drove through Park Ridge looking for bicycle and found it. (*Id.* ¶ 18.) Plaintiff parked his car, waited, and then saw another minor, JN, take possession of the bicycle. (*Id.* ¶ 19.) Plaintiff approached JN, told him he was a police officer, then detained him, and contacted the Park Ridge Police Department to report the detention of JN. (*Id.* ¶ 20.)

Shortly thereafter, several Park Ridge police officers arrived at the scene and conducted a preliminary investigation by interviewing Plaintiff, JN, and other witnesses. (Dkt. 1 ¶ 22.) The Park Ridge police officers did not arrest anyone, but gathered names and identifying information to investigate further. (*Id.* ¶ 23.) That day, and in the following days, Park Ridge police officers and detectives re-interviewed witness, including JN, at the Park Ridge police department. (*Id.* ¶ 25.)

Plaintiff alleges this incident became viral on social media sites, and the local community united against him and demanded that Plaintiff be charged for criminal battery of JN. (Dkt. 1 ¶¶ 26-28.) Plaintiff alleges that Defendant Frank Kaminski, the Park Ridge Police Department Chief, and the Department, suffered intense criticism from the community, accusing them of "unfair application of the law, covering up criminal activity by a fellow law enforcement officer, dereliction of duty, racism, and a general breach of trust with the community." (*Id.* ¶ 29.)

Plaintiff further alleges that Defendant "also participated in the investigation of the incident in regard to the public claims of official misconduct by [Plaintiff] and was aware of the extreme public social discourse demanding the arrest of [Plaintiff]."

3

(Dkt. 1 ¶ 30.) Plaintiff claims that Defendant knew he was a Chicago Police Sergent on the day of the incident, and "the State's Attorney, determined that, at the time of incident, [Plaintiff], was acting in his official capacity." (*Id.* ¶¶ 31-32.) "On August 16, 2022, [Defendant] authorized felony charges for Aggravated Battery and Official Misconduct to be lodged against [Plaintiff]." (*Id.* ¶ 33.)

On August 18, 2022, Plaintiff was arrested and charged. (Dkt. 1 ¶¶ 34-35.) Plaintiff's case proceeded to a bench trial in June 2023, and on June 16, the judge found Plaintiff not guilty. (*Id.* ¶ 37.)

Plaintiff alleges four counts—II, IV, VI, and VIII—against the Defendant, which are as follows: i) deprivation of liberty without probable cause (dkt. 1 ¶¶ 54-69); ii) federal malicious prosecution (*id.* ¶¶ 80-89); iii) state law malicious prosecution (*id.* ¶¶ 101-113); and iv) state law claim for intentional infliction of emotional distress (*id.* ¶¶ 118-121). The core factual allegation in all these claims is the same: Defendant deprived Plaintiff of liberty without probable cause when she approved and initiated criminal proceedings against him to satisfy the desires of the local community. (Dkt. 1 ¶¶ 61-64, 81-84, 102, 105-109, 119.)

## IV.   Argument

Plaintiff's allegations of misconduct against the Defendant, from which all his legal claims arise, revolve around her approval and initiation of criminal charges, which are quintessential functions of a prosecutor. As such, the well-established doctrine of prosecutorial immunity applies to Defendant's alleged misconduct and is an absolute bar to Plaintiff's suit.

4

Prosecutors are absolutely immune from civil suits "under § 1983 for conduct that is intimately associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Courts apply a functional test to determine whether absolute immunity applies to a particular claim." *Greenpoint Tactical Income Fund LLC v. Pettigrew*, 38 F.4th 555, 565 (7th Cir. 2022) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). The functional test considers the "nature" of the "function performed" by the prosecutor. *Id.* (citation omitted). More specifically, the issue "is whether the prosecutor was acting as an advocate in the challenged actions or was instead acting in some other capacity, such as investigator or administrator." *Id.* (citing *Buckley*, 509 U.S. at 273.) "Extensive case law offers guidance in drawing these lines" between whether a prosecutor is acting as an advocate. *Id.*

For instance, the case law establishes that prosecutors function as advocates when "determining whether charges should be brought and initiating a prosecution . . ." *Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012) (citation omitted); *see also*, *Spiegel v. Rabinovitz*, 121 F.3d 251, 257 (7th Cir. 1997) ("Under Illinois law, the State's Attorney, as a member of the executive branch of government, is vested with exclusive discretion in the initiation and management of a criminal prosecution.") (citation omitted). Absolute immunity applies to a prosecutor "even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *see also*, *Crowder v. Barrett*, No. 22-1899, 2023 U.S. App. LEXIS

5

10461, at *9 (7th Cir. Apr. 28, 2023) ("But determining whether and how to charge crimes is a quintessential decision for which a prosecutor enjoys absolute immunity— even if he errs.").

The Supreme Court articulated the policy reason for absolute immunity for prosecutors in *Imbler*. 424 U.S. at 422-23. The Court explained there is "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Id. at* 423. The Court reaffirmed this reasoning in *Burns*, explaining a prosecutor's actions "in support of taking criminal action against a suspect present a substantial likelihood of vexatious litigation that might have an untoward effect on the independence of the prosecutor. Therefore, absolute immunity for this function serves the policy of protecting the judicial process, which underlies much of the Court's decision in *Imbler*." *Burns v. Reed*, 500 U.S. 478, 492 (1991) (finding absolute immunity for prosecutor who allegedly presented false evidence at hearing in support of search warrant).

Given the holding in *Imbler*, and the policy underlying that decision, prosecutors are routinely dismissed from § 1983 complaints for initiating criminal proceedings. For example, the District Court dismissed a plaintiff's § 1983 complaint against prosecutor defendants on absolute immunity where the plaintiff alleged they "investigated and added the confinement charge against [plaintiff] Jones for the sole purpose to increase his prison time by decades." *Jones v. Cummings*, 998 F.3d 782,

6

787-88 (7th Cir. 2021). The Seventh Circuit affirmed the District Court's dismissal, explaining "[a] prosecutor's 'motives are irrelevant to the absolute immunity question when the actions she is accused of taking are intimately associated with the quasi-judicial phase of the criminal process.'" *Id.* at 788 (quoting *Tobey v. Chibucos*, 890 F.3d 634, 649-50 (7th Cir. 2018)). The Seventh Circuit further explained "[t]he only question is whether [the prosecutors'] conduct—filing and amending criminal charges against a defendant—are core prosecutorial functions. We need not belabor the point. They are." *Id.*; *see also*, *Smith v. Power*, 346 F.3d 740, 741 (7th Cir. 2003) (dismissing § 1983 complaint on absolute immunity where plaintiff alleged prosecutor initiated suit in retaliation for plaintiff's public criticism of the prosecutor).

Likewise, the Seventh Circuit affirmed a dismissal based on absolute immunity for a prosecutor who allegedly filed a petition for adjudication of civil contempt maliciously, and without probable cause, against the plaintiff. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir. 1986). In *Henry*, the plaintiff alleged the prosecutor filed the contempt charges "falsely, maliciously, and without any probable or reasonable cause." *Id.* at 1238. The Seventh Circuit said the prosecutor nonetheless enjoyed absolute immunity for "initiating a prosecution and in presenting the State's case." *Id.* (citing *Imbler*, 424 U.S. at 431). According to the Seventh Circuit, this immunity applies to a prosecutor "even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Id.*

Plaintiff's case against the Defendant is no different than those in *Jones*, *Henry*, *Crowder*, *Smith*, and many others. The courts in those cases applied the functional test, as they must, and looked at whether the prosecutor was acting as an advocate in the challenged actions. Here, the challenged action is Defendant's authorization of felony charges for aggravated battery and official misconduct against Plaintiff. With the conduct identified, the question becomes whether the Defendant was acting as an advocate for the State when she initiated felony proceedings against the Plaintiff. The answer is unequivocally, yes, and there is no need to belabor the point, according to the Seventh Circuit, since it is well-settled that charging decisions are quintessential functions of a prosecutor. *Jones v. Cummings*, 998 F.3d at 787-88.

And, as the courts in *Henry* and *Crowder* explained, it does not matter whether Defendant allegedly authorized the charges against Plaintiff without probable cause, or whether she allegedly authorized them to satisfy the public's desires. Indeed, prosecutorial immunity is *absolute*, and a prosecutor is protected by it for her functions as an advocate for the state regardless of the circumstances. This should come of no surprise given that the Supreme Court held in *Imbler* almost 50 years ago that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler*, 424 U.S. at 431.

Absolute immunity is fatal to Plaintiff's § 1983 claims. It also applies with equal force to Plaintiff's state law claims, since the state and federal doctrines of prosecutorial immunity are coterminous. *Tobey*, 890 F.3d at 649.

8

## V. Conclusion

Thus, Defendant requests an order dismissing her from Plaintiff's Complaint with prejudice, and for any other relief this Court deems just and reasonable.

Date: September 9, 2024          Respectfully submitted,

*Defendant Lynn McCarthy*

*/s/ Michael C. Stephenson*

James M. Lydon
Michael C. Stephenson
Stephen Mehr
Hinshaw & Culbertson, LLP
151 N. LaSalle St., Ste. 2500
Chicago, Illinois 60606
(312) 704-3000
jlydon@hinshawlaw.com
mstephenson@hinshawlaw.com
smehr@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 9, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day and was served upon all counsel of record via the Court's CM/ECF system.

                   */s/ Michael C. Stephenson*