IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL VITELLARO, | |
| Plaintiff, | Case No. 1:24-cv-04797 |
| v. | Honorable Franklin U. Valderrama |
| CITY OF PARK RIDGE, FRANK KAMINSKI, COUNTY OF COOK, LYNN McCARTHY, and KIM FOXX, | |
| Defendants. | |

## DEFENDANTS CITY OF PARK RIDGE AND FRANK KAMINSKI'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants the CITY OF PARK RIDGE ("City"), and FRANK KAMINSKI ("Kaminski") (collectively "Defendants"), by and through their attorneys, ANCEL GLINK, P.C., hereby move this Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)[1], with prejudice. In support of this, Defendants state the following:

## INTRODUCTION

This Court should dismiss Plaintiff's Complaint because the City and Kaminski did not cause Plaintiff's arrest. For that reason, Plaintiff's §1983 deprivation of liberty claim (Count I), federal and state malicious prosecution claims (Counts III and V), and intentional infliction of emotional distress claim (Count VII) must be dismissed. Further, as none of Plaintiff's claims against the individual officer, Kaminski, can survive, Plaintiff's Counts IX and XI for vicarious liability and indemnification fail. Accordingly, this Court should dismiss Plaintiff's Complaint.

## ALLEGATIONS

Plaintiff Michael Vitellaro ("Plaintiff") brings this § 1983 action against the City of Park Ridge ("the City"), Chief Frank Kaminski of the Park Ridge Police Department ("Kaminski"),

---

[1] All "Rule" references are to the Federal Rules of Civil Procedure, unless otherwise noted.

1

Cook County, Lynn McCarthy, and Kim Foxx. Dkt. 1. Plaintiff alleges he was wrongfully investigated and prosecuted maliciously without probable cause. *Id*. Plaintiff further alleges that as a result of Defendants' actions, he was subjected to intentional infliction of emotional distress. *Id.* at ¶ 115.

The following allegations are contained within Plaintiff's Complaint. On May 1, 2022, Plaintiff's son, Nicholas rode his bicycle to the Park Ridge Library in the City of Park Ridge. *Id.* at ¶ 10. When Nicholas left the library, he found his bicycle missing from the location where he left it, and called his father, Plaintiff. *Id.* at ¶ 11-13. Nicholas did not give anyone permission to use or borrow his bicycle. *Id.* at ¶ 14. Plaintiff was a Sergeant with the Chicago Police Department ("CPD") and was off duty when he received the call from Nicholas. *Id.* at ¶ 16. Plaintiff drove from his home in Chicago to meet Nicholas in Park Ridge. *Id.* at ¶ 15. Plaintiff reported the theft of Nicholas' bicycle to the Park Ridge Police Department. *Id.* at ¶ 17.

Plaintiff and Nicholas drove through Park Ridge and Plaintiff found Nicholas' bicycle parked at a different location in Park Ridge. *Id.* at ¶ 18. Plaintiff waited in the location and after some time, he saw a young man, J.N. take possession of Nicholas' bicycle. *Id.* at ¶ 19. J.N. was in the company of a group of friends. *Id.* at ¶ 21. Plaintiff approached J.N. and detained him. *Id.* at ¶ 20. Plaintiff then contacted the Park Ridge Police Department to report the purported theft of the bicycle and detention of J.N. *Id.* at ¶ 20. A bystander captured a video of the incident which shows J.N. laying on the ground on his stomach while Plaintiff kneeled on the small of J.N.'s back. Several Park Ridge Police officers arrived on scene and began their investigation of the incident. *Id.* at ¶ 22. The Park Ridge Police officers interviewed Plaintiff, J.N., J.N.'s group of friends, and various witnesses present at the scene, and gathered their identifying information. *Id.* at ¶ 22-23. No one was arrested at the scene of the incident. *Id.* at ¶ 23. The Park Ridge Police officers were

aware that Plaintiff was employed by the CPD as a Sergeant. *Id.* at ¶ 24. The officers' investigation continued throughout the following days, and they learned that J.N. was in possession of Nicholas' bicycle around the time he was detained by Plaintiff. *Id.* at ¶ 25.

Plaintiff's July 1, 2022 detention of J.N. and the video of the incident showing Plaintiff kneeling on J.N.'s back immediately became a viral topic on social media, in the community, and on a local podcast hosted by J.N.'s mother. *Id.* at ¶ 26. The incident became a hot topic in the community with a number of citizens calling for the arrest of Plaintiff for battering J.N. *Id.* at ¶ 27-28. The Park Ridge Police Department and its Chief, Kaminski, were criticized by members of the public and accused of misconduct including, but not limited to, unfair application of law, racism, and covering up for a fellow officer. *Id.* at ¶ 29.

Assistant State's Attorney Lynn McCarthy ("ASA McCarthy") participated in the investigation of Plaintiff. *Id.* at ¶ 30. ASA McCarthy was aware of the public social discourse surrounding the incident, and that Plaintiff was a CPD Sergeant. *Id.* at ¶ 31-32. ASA McCarthy investigated the claims of official misconduct by Plaintiff, and after conducting a full inquiry, she determined that Plaintiff was acting in his official capacity at the time of the incident. *Id.* at ¶ 31-32. ASA McCarthy authorized felony charges against Plaintiff for Aggravated Battery and Official Misconduct on August 16, 2022. *Id.* at ¶ 33. Plaintiff was arrested, processed, and charged with Aggravated Battery and Official Misconduct on August 18, 2022. *Id.* at ¶ 34. Plaintiff appeared and answered the criminal charges in the Circuit Court of Cook County. *Id.* at ¶ 35. After his arrest, Plaintiff was relieved of his duties as a CPD Sergeant. *Id.* at ¶ 36. Plaintiff's criminal case went to trial before the Honorable Judge Paul Pavlus in June 2023. *Id.* at ¶ 37. Plaintiff was found not guilty of the charges of Aggravated Battery and Official Misconduct. *Id.* at ¶ 37.

Plaintiff brought several claims against the City and Kaminski: 42 U.S.C § 1983

Deprivation of Liberty (Count I), 42 U.S.C § 1983 Due Process Federal Malicious Prosecution (Count III), Illinois Law Malicious Prosecution (Count V), Illinois Law Intentional Infliction of Emotional Distress (Count VII), Illinois Law *Respondeat Superior* (Count IX), and Indemnification (Count XI). *Id.* at 6-20.

**LEGAL STANDARD**

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted." *GE Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080 (7th Cir. 1997). A Rule 12(b)(6) motion "test[s] the sufficiency of the complaint, not … the merits" of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences in the plaintiff's favor. *Nixon v. Page,* 291 F.3d 485, 486 (7th Cir. 2002). But "a complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Courts are permitted to consider extrinsic evidence at the motion to dismiss stage. Courts ordinarily consider the complaint in its entirety, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Smykla v. Molinaroli*, 85 F.4th 1228, 1235 (7th Cir. 2023) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). The Seventh Circuit is clear that publicly available documents may be relied upon in a motion to dismiss at the pleadings stage. *Hecker v. Deere & Co.*, 556 F.3d 575, 583 (7th Cir. 2009). The incorporation by reference doctrine allows a defendant to submit a document to the court that a plaintiff mentioned in his complaint. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). This is, of course, a narrow exception and does not allow litigants to ignore the distinction between a motion to dismiss and a motion for summary judgment. *Levenstein v.*

*Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). Nevertheless, the court may "consider any facts set forth in the complaint that undermine the plaintiff's claim." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). The court may take into consideration, exhibits to the complaint such as "video recordings attached to or referenced in a complaint." *Id*.

## ARGUMENTS

I. **Plaintiff fails to state a claim for 42 U.S.C § 1983 Deprivation of Liberty (Count I) against Kaminski and the City because there was probable cause for the arrest.**

Plaintiff brings Count I under both the Fourth and Fourteenth Amendments. Dkt. 1 ¶ 49. "The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 918 (2017); *Patrick v. City of Chicago*, 974 F.3d 824, 835 (7th Cir. 2020). Probable cause exists where "the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 714 (7th Cir. 2013).

The existence of probable cause for arrest bars § 1983 claims for unlawful arrest, unlawful detention, false imprisonment, and malicious prosecution. *Smith v. City of Chicago*, 913 F.2d 469, 473 (7th Cir. 1990). Notably, probable cause is no defense if based on intentional misrepresentation or concealment of material facts. *Id*.

In the case at bar, there was probable cause to charge Plaintiff with Aggravated Battery and Official Misconduct following the incident involving J.N. According to Plaintiff's Complaint, Plaintiff approached J.N., a minor, and detained him because he believed J.N. took his son's bicycle. *Id.* at ¶ 20. The incident involving J.N. was caught on video and widely dispersed in the news and community. *Id.* at ¶ 26. The video shows Plaintiff detaining J.N. with his hands on J.N. and his knee on or near the small of J.N.'s back. The Park Ridge Police Department and Kaminski

investigated the incident interviewing the involved parties, and many witnesses. *Id.* at ¶ 22-23, 25. ASA McCarthy directly participated in the investigation of Plaintiff. *Id.* at ¶ 30. ASA McCarthy investigated the claims of official misconduct by Plaintiff, and after conducting a full inquiry, she determined that Plaintiff was acting in his official capacity at the time of the incident. *Id.* at ¶ 31-32. Thus, no exculpatory evidence was ignored, but rather, it was explicitly considered by ASA McCarthy in her charging decision. Ultimately, it was ASA McCarthy, not Kaminski or the City, who authorized felony charges against Plaintiff for Aggravated Battery and Official Misconduct on August 16, 2022. *Id.* at ¶ 33. The allegations taken in the light most favorable to Plaintiff as well as the video recording overwhelmingly establish the existence of probable cause. Given the facts and circumstances, it was reasonable to believe Plaintiff committed a crime. Plaintiff has therefore failed to state a claim for § 1983 deprivation of liberty under the Fourth Amendment upon which relief could be granted.

### A. Plaintiff fails to state a claim for 42 U.S.C § 1983 Deprivation of Liberty (Count I) because his claim is not a valid due process claim under the Fourteenth Amendment.

As to the Fourteenth Amendment, Plaintiff's Count I fails as well. Plaintiffs may not state due process claims "by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment." *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009), *quoting McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003). Here, Plaintiff's claims about the conduct of the City and Kaminski are merely attempts to recast his malicious prosecution claim as a due process claim. As discussed in more detail below, Plaintiff's claim cannot survive because the City and Kaminski did not cause Plaintiff's arrest. Per Plaintiff's own allegation, ASA McCarthy investigated the claims of official misconduct by Plaintiff, and after conducting an

inquiry, determined that Plaintiff was acting in his official capacity during the incident. Dkt. 1 at ¶ 31-32. ASA McCarthy authorized felony charges against Plaintiff for Aggravated Battery and Official Misconduct on August 16, 2022. *Id.* at ¶ 33. ASA McCarthy caused Plaintiff's arrest. Plaintiff's Count I, therefore, fails to state a claim for which relief can be granted.

> II. **Plaintiff fails to state a claim under 42 U.S.C § 1983 Due Process Federal Malicious Prosecution (Count III) because there was probable cause for Plaintiff's arrest and neither Kaminski nor the City caused Plaintiff's arrest.**

By his Complaint, Plaintiff alleges a cause of action for malicious prosecution pursuant to 42 U.S.C. § 1983. Dkt. 1, at 37 (Count I). Plaintiff's Count I states that the malicious prosecution cause of action is brought under both the Fourth and Fourteenth Amendments. The distinction between the two is critical because long established Seventh Circuit precedent has held that malicious prosecution claims are non-cognizable in this Circuit as "there is no such thing as a constitutional right not to be prosecuted without probable cause." *Manuel v. City of Joliet, Illinois¸* 903 F.3d 667, 670 (7th Cir. 2018). However, in *Thompson v. Clark,* 596 U.S. 36 (2022) and, more recently, *Chiaverini v. City of Napoleon*, 144 S. Ct. 1745, 1750 (2024), the United States Supreme Court has made the determination that malicious prosecution claims brought under the Fourth Amendment can be maintained via a § 1983 action. However, the Supreme Court has not made a similar determination as it relates to malicious prosecution actions maintained under the Fourteenth Amendment. *See, Navarro v. City of Aurora,* 2022 U.S. Dist. LEXIS 100424 at *7, (N.D. Ill.).

To the extent Count I is brought under the Fourteenth Amendment, it should be dismissed as the Seventh Circuit does not recognize such a cause of action. *Thompson, supra*, 596 U.S. at 41-43; *Mitchell v. Doherty*, 37 F.4th 1277, 1284, n.3 (7th Cir. 2022); *Sneed v. Vill. of Lynwood*, 2022 U.S. Dist. LEXIS 181434, * 6 (N.D. Ill.); *see also Navarro, supra* at *7 (*Thompson* decision has no effect on malicious prosecution claims purportedly brought under the Fourteenth

7

Amendment). While a malicious prosecution claim may be had under the Fourteenth Amendment's Due Process clause, Plaintiff cannot make a due process claim here because he was not convicted. *See, e.g., Patrick v. City of Chicago*, 974 F.3d 824, 834 (7th Cir. 2020) (citation omitted). Dkt. 1, ¶¶ 16, 17.

Under a Fourth Amendment malicious prosecution claim, a plaintiff must show that "a government official charged him without probable cause, leading to an unreasonable seizure of his person." *Chiaverini*, *supra*, 144 S. Ct. at 1748, *citing*, *Thompson*, *supra*, 596 U.S. at 43. Probable cause exists "whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred." *Whitlock v. Brown*, 596 F.3d 406, 411 (7th Cir. 2010) (internal citation omitted). The court views the facts from the perspective of "an objectively reasonable police officer." *D.C. v. Wesby*, 583 U.S. 48, 57 (2018) (internal citations omitted). Establishing probable cause is "not a high bar." *Id*.

In this case, there was probable cause to charge Plaintiff with Aggravated Battery and Official Misconduct following the incident involving J.N. Dkt. 1 ¶ 34. Plaintiff detained J.N. because he believed J.N. took his son's bicycle. *Id.* at ¶ 20. The video of the incident involving J.N. shows Plaintiff detaining J.N. with his hands on J.N. and his knee on or near the small of J.N.'s back. The Park Ridge Police Department and Kaminski investigated the incident interviewing the involved parties, and many witnesses. *Id.* at ¶ 22-23, 25. ASA McCarthy directly participated in the investigation of Plaintiff, and conducted a full inquiry. *Id.* at ¶ 30-32. Ultimately, as Plaintiff readily alleges, it was ASA McCarthy, <u>not</u> Kaminski or the City, who authorized felony charges against Plaintiff. *Id.* at ¶ 33. The allegations taken in the light most favorable to Plaintiff as well as the video recording overwhelmingly establish the existence of probable cause. An objectively reasonable officer viewing the facts and video evidence had enough information to

believe criminal conduct had occurred.

With respect to the City, Count I should be dismissed because municipalities, such as the City, "face no liability under § 1983 for the misdeeds of employees or agents" as "[t]he doctrine of *respondeat superior* does not apply in this context." *Sanders v. Splittorf*, 2023 U.S.Dist. LEXIS 37092 *4 (S.D. Ill.). Therefore, Plaintiff fails to state a claim for federal malicious prosecution under which relief can be granted, and Count I should be dismissed as to the City and Kaminski.

### III. Plaintiff's Count I for Deprivation of Liberty is Duplicative of Count III for Federal Malicious Prosecution and should be dismissed.

In *Thompson*, the Supreme Court held that a Fourth Amendment unlawful detention claim is analogous to a malicious prosecution claim. *Thompson v. Clark*, 142 S. Ct. 1332, 1337-38 (2022). The Seventh Circuit recognized claims for unlawful detention following the Supreme Court's decision in *Manuel v. City of Joliet* (Manuel II), 580 U.S. 357 (2017). When deciding *Thompson,* the Supreme Court stated that "the gravamen of the Fourth Amendment claim . . . is the wrongful initiation of charges without probable cause. And the wrongful initiation of charges without probable cause is likewise the gravamen of the tort of malicious prosecution." *Id*. The duplicative nature between claims of unlawful detention and malicious prosecution, explained in *Thompson*, was recognized in *Smith v. City of Chicago*, 2024 U.S. Dist. LEXIS 142799 (N.D.Ill. Aug. 12, 2024) (J., Coleman).

In *Smith*, the plaintiff was arrested and tried for murder. *Id.* at *1. Following an acquittal at trial, the plaintiff filed a suit alleging unlawful seizure, federal malicious prosecution, and malicious prosecution under state law. *Id.* at *1-2. The defendant city filed a motion to dismiss arguing that the counts for unlawful seizure and federal malicious prosecution were duplicative. *Id.* at *4-5. The court agreed, explaining "…such Fourth Amendment-based claims are 'sometimes referred to as a claim for unreasonable seizure pursuant to legal process.' (internal citation

omitted). In this context, the terms 'illegal seizure,' 'unreasonable seizure,' and 'malicious prosecution' all refer to the same violation." *Id.* at *5-6.

Like in *Smith*, these labels are used interchangeably. In Count I, Plaintiff realleges his allegations from the preceding paragraphs. He also alleges that he was taken into custody and detained without probable cause. Dkt. 1, ¶¶ 34, 40, 44. In Count III, Plaintiff's first paragraph again realleges his allegations from the preceding paragraphs—which includes the allegations in Count I. *Id.* at ¶ 1-69. Plaintiff again alleges that the Defendants caused the Plaintiff to be unreasonably seized without probable cause. *Id.* at ¶ 72. Plaintiff alleges the same injuries and seeks the same relief in both Counts. *Id.* at ¶¶ 53, 78. As in *Smith*, "[t]he claims seek the same relief based on the same law and facts against the same parties.'" *Smith, supra*, 2024 U.S. Dist. LEXIS 142799, at *6. Accordingly, dismissal of Count I with prejudice is proper.

**IV. Plaintiff fails to state a claim under Illinois Law Malicious Prosecution (Count V) because he has not pleaded and cannot sufficiently plead that Defendants commenced or continued the prosecution against him, or that the former action terminated in his favor.**

In addition, Plaintiff has failed to allege sufficient facts to support a claim for malicious prosecution under Illinois law. To state a claim for malicious prosecution under Illinois law, Plaintiff must allege that: "(1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there was an injury." *Sneed v. Rybicki*, 146 F.3d 478, 480-81 (7th Cir. 1998) (internal quotation and citation omitted); *see also, Martinez v. City of Chicago*, 900 F.3d 838, 849 (7th Cir. 2018). "The absence of any one of these elements bars a plaintiff from pursuing the claim." *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009) (internal citation omitted). Here, Plaintiff failed to allege facts showing that Defendants commenced or continued the prosecution against him and that the proceedings terminated in his

favor.

In Illinois, the State's Attorney prosecutes crimes, not the police. *See, Colbert v. City of Chicago*, 851 F.3d 649, 655 (7th Cir. 2017), *quoting Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996). To rebut the presumptive probable cause of an indictment, Plaintiff must allege and show some post-arrest action that "influenced the prosecutor's decision to indict." *Colbert, supra*, 851 F.3d at 655, *quoting Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 902 (7th Cir. 2001). As a result, Plaintiff may not maintain a malicious prosecution claim against an arresting officer without first showing "some post arrest action which influenced the prosecutor's decision to indict." *Snodderly, supra,*, 239 F.3d at 902. Liability extends to all persons who played a "significant role" in causing the prosecution of the plaintiff, provided all of the elements are met. *Frye v. O'Neill*, 166 Ill.App.3d 963, 975 (4th Dist. 1988). A significant role includes "those persons who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him or her, concealed exculpatory evidence, or otherwise engaged in wrongful or bad-faith conduct" that was instrumental in the commencement or continuation of the criminal prosecution. *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 45.

Although Plaintiff's Complaint states that Plaintiff was indicted for the crimes underpinning the Complaint, Plaintiff must plead facts that the City or Kaminski took actions post-arrest to unduly sway the prosecutor's decision to indict in order to overcome the break in causation for a malicious prosecution claim. However, here, there is no allegation that the City or Kaminski exerted any influence on ASA McCarthy's decision to indict Plaintiff. Rather, the Complaint only contains allegations that individual Park Ridge citizens engaged in public discourse advocating for the arrest and indictment of Plaintiff. Dkt. 1, ¶¶ 26-29.

The Complaint contains no other factual allegations that the City or Kaminski maliciously

11

instituted or continued any legal proceedings against Plaintiff or took any action to sway ASA McCarthy's decision to indict Plaintiff. Plaintiff has not pleaded critical elements of his malicious prosecution cause of action. Specifically, Plaintiff has failed to plead any facts to establish a lack of probable cause for Plaintiff's prosecution, or that the City or Kaminski took any post-arrest actions to sway the prosecutor's decision to indict the Plaintiff. Accordingly, Count V should be dismissed for failing to state a claim upon which relief can be granted.

Plaintiff fails to allege any facts establishing the required element that the judicial proceeding terminated "in favor of the plaintiff." *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009, *quoting Swick v. Liautaud*, 169 Ill.2d 504, 512 (1996); Dkt. 1. A "favorable termination," for purposes of a malicious prosecution claim, is limited to legal dispositions that give rise to an inference of lack of probable cause. *Cult Awareness Network v. Church of Scientology Int'l,* 177 Ill.2d 267, 272 (1997). To satisfy this element, the Complaint must contain facts showing the dismissal of the action occurred for reasons "indicative of the accused's innocence." *Adams v. Sussman & Hertzberg, Ltd.*, 292 Ill.App.3d 30, 42 (1st Dist. 1997) (collecting cases). A finding of "not guilty" is not the legal equivalent of innocence, but rather shows that the prosecution has failed to meet its burden of proof. *People v. Smith*, 185 Ill.2d 532, 545 (1999).

Here, while Plaintiff repeatedly alleges that he was found not guilty, he failed to sufficiently plead that the criminal proceeding terminated in his favor and indicative of innocence, a necessary element for a malicious prosecution claim. *Id.*; Dkt. 1, ¶¶ 37, 51, 67, 75, 85, 98, 111. Thus, dismissal of his malicious prosecution claim is proper.

**V.  Plaintiff failed to state a claim under Illinois Law Intentional Infliction of Emotional Distress (Count VII).**

To state a claim for the intentional infliction of emotional distress, a plaintiff must allege that (1) the conduct was extreme and outrageous; (2) the defendant intended to inflict severe

12

emotional distress or knew there was a high probability that his conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress. *Schweihs v. Chase Home Fin.*, LLC, 2016 IL 120041, ¶ 50 (2016). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Ibid*. As to police officers, Illinois law is clear that "[t]here is nothing inherently extreme and outrageous about [the police] conducting investigations or inspecting or questioning or suspecting." *Schiller v. Mitchell*, 357 Ill. App. 3d 435, 448 (Ill. App. Ct. 2005).

Plaintiff has failed to allege any facts that could be deemed extreme and outrageous about any conduct of the City or Kaminski as it relates to the arrest and indictment of the Plaintiff. First, neither the City nor Kaminski caused the arrest of Plaintiff. By Plaintiff's own allegation, ASA McCarthy approved charges and caused Plaintiff to be arrested. Plaintiff alleges that the City and Kaminski conducted a criminal investigation, interviewed witnesses, and were criticized by the public for their response. Dkt. 1 ¶¶ 23-29. This conduct does not meet the high burden of extreme and outrageous conduct under the law. The only possible action that could rise to the level of extreme and outrageous conduct, is Plaintiff's allegation that the City and Kaminski disregarded the exculpatory evidence that Plaintiff was authorized, as a Chicago Police sergeant, to perform the acts for which he was criminally charged. *Id*. at ¶¶ 46-48. Even if taken as true in the light most favorable to Plaintiff, this allegation is baseless when read with Plaintiff's subsequent allegation that ASA McCarthy, the charging prosecutor, knew that Plaintiff was a Chicago Police sergeant and determined that he was acting in his official capacity at the time of the incident. *Id*. at ¶¶ 31-33. Plaintiff's Complaint is devoid of any conduct by the City or Kaminski that could rise to level of extreme and outrageous. Accordingly, Count VII as against the City and Kaminski should be

13

dismissed.

**VI. Plaintiff's r*espondeat superior* (Count IX) and indemnification (Count XI) claims should be dismissed because they are not viable causes of action and are based on allegations contained in Counts I, III, V, and VII and must be dismissed if the basis for liability is dismissed.**

Plaintiff brings claims of *respondeat superior* and indemnification against the City. The analysis of these two causes of action are "essentially the same for purposes of liability…" *Copeland v. Johnson*, 2021 U.S. Dist. LEXIS 185410, at * 10 n.2 (N.D. Ill.) (quoting *Lyons v. Adams*, 257 F. Supp. 2d 1125, 1138-39 (N.D. Ill)). As to *respondeat superior*, it is, in essence, a claim of vicarious liability. In vicarious liability claims, employee liability results in employer vicarious liability, even where the employer committed no wrong. *See, Vancura v. Katris*, 238 Ill.2d 352, 375 (2010); *Wright v. City of Danville*, 174 Ill.2d 391, 405 (1996); *Pyne v. Witmer*, 129 Ill.2d 351, 359 (1989); *Moy v. County of Cook*, 159 Ill.2d 519, 524 (1994). The limits of vicarious liability are also codified in 745 ILCS 10/2-109, which states: "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109. "[V]icarious liability is not itself a claim or cause of action." *Wilson v. Edward Hospital*, 2012 IL 112898, ¶ 24. Rather, it is a theory of recovery—a basis—for holding a principal responsible for the acts of its agents. *Id.* Plaintiff re-incorporates all his prior allegations in Count IX, without alleging any different facts. Dkt.1, ¶ 122-124. Plaintiff only asserts that the City is liable for its employees' actions because the officers were agents of the City. *Id.*

Similarly, while 745 ILCS 10/9-102 requires a municipality to pay any tort judgment for compensatory damages "for which it or an employee while acting within the scope of his employment is liable," indemnification is not an independent cause of action. *See*, 745 ILCS 10/9-102. Indemnification is not an independent cause of action until the indemnitee has had a judgment entered against him for damages. *Caligiuri v. First Colony Life Ins. Co.*, 318 Ill.App.3d 793, 806

14

(1st Dist. 2000); *see also, Loman v. Freeman*, 229 Ill.2d 104, 121-122 (2008) (explaining that indemnification is not the same as liability). Until the liability of Defendant Kaminski on the underlying substantive claims is determined, there is no cause of action for indemnification.

Furthermore, there must be a viable claim against individuals named as defendants for a claim to lie against the employing public entity. If the Court dismisses claims made against Defendant Kaminski, then Count IX and XI is subject to dismissal as well, as there will be no successful indemnity or *respondeat superior* claims against the City of Park Ridge. *Hudson v. Cassidy*, No. 05-5623, 2006 WL 3524420, at *7 (N.D. Ill. Dec. 5, 2006); *see McGreal v. AT&T Corp.*, 892 F. Supp. 2d 996, 1018 (N.D. Ill. 2012) (dismissing plaintiff's indemnification and *respondeat superior* claims against employer because plaintiff failed to state a claim against the employees, meaning there was "no wrongdoing to indemnify"). For the forementioned reasons, Counts IX and XI must be dismissed.

## CONCLUSION

WHEREFORE, the Defendants, the CITY OF PARK RIDGE, and FRANK KAMINSKI, respectfully request this Court dismiss Plaintiff's Complaint *in toto* with prejudice, and grant any other relief this Court deems reasonable and just.

Dated: October 8, 2024            Respectfully submitted,

**CITY OF PARK RIDGE and FRANK KAMINSKI**

By: /s/ *Matthew A. Hurd*
       One of Defendants' Attorneys

Matthew A. Hurd (ARDC # 6191532; mhurd@ancelglink.com)
Alexandra A. Cambiazo (ARDC#6335647; acambiazo@ancelglink.com)
**ANCEL GLINK, P.C.**
140 S. Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
*Attorneys for Defendants, City of Park Ridge and Frank Kaminski*