IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michael Vitellaro, <br><br> Plaintiff, <br><br> v. <br><br> City of Park Ridge, Frank Kaminski, County of Cook, Lynn McCarthy, and Kim Foxx, <br><br> Defendants. | No. 24-cv-04797 <br> Judge Franklin U. Valderrama |

### ORDER

Plaintiff Michael Vitellaro (Vitellaro) was a sergeant with the Chicago Police Department. R.[1] 1, Compl. ¶ 16. While off-duty, he detained a young man who he believed stole his son's bicycle from the Park Ridge library. *Id*. ¶¶ 16, 20. Vitellaro called the Park Ridge Police Department to report his detention of the young man. *Id*. *Id*. ¶ 20. Park Ridge Police Officers arrived and conducted a preliminary investigation, but made no arrests. *Id*. ¶¶ 22–23. The incident went viral. *Id*. ¶ 26. Community members accused the Park Ridge Police Department of favoritism and racism and insisted that Vitellaro be criminally charged. *Id*. ¶¶ 28–29. Lynn McCarthy, an Assistant State's Attorney (ASA), subsequently authorized felony charges for Aggravated Battery and Official Misconduct against Vitellaro, who was arrested and taken into custody. *Id*. ¶¶ 33–34. Following a bench trial, Vitellaro was acquitted of all criminal charges. *Id*. ¶ 37.

---

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

Vitellaro sued the City of Park Ridge (Park Ridge); Frank Kaminski, the Chief of the Park Ridge Police Department; the County of Cook (Cook County); McCarthy; and the Cook County State's Attorney, Kim Foxx (collectively, Defendants) under 42 U.S.C. § 1983 for deprivation of liberty without probable cause, federal malicious prosecution, and state law claims. Compl. Before the Court are Foxx and Cook County's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 8, Mot. Dismiss. For the following reasons, the Court grants Defendants' motion to dismiss.

## Background[2]

On July 1, 2022, Nicolas Vitellaro (Nicholas) rode his new bicycle to the Park Ridge Library in Park Ridge. Compl. ¶ 10. Nicolas parked his bicycle outside the library in a designated location. *Id.* ¶ 11. Upon leaving the library, Nicolas discovered that his bicycle was missing. *Id.* ¶ 12. Nicholas called his father, Michael Vitellaro, and told him that his bicycle was missing. *Id.* ¶ 13. Vitellaro was a sergeant with the Chicago Police Department, who was off duty at the time when he received the telephone call. *Id.* ¶ 16. Vitellaro immediately reported the theft to the Park Ridge Police Department. *Id.* ¶ 17.

Vitellaro and Nicholas then drove around Park Ridge looking for the bicycle. Compl. ¶ 18. Vitellaro located Nicholas's bicycle, parked in a different location from where Nicolas left it. *Id.* Vitellaro approached a young man, J.N., who was in possession of the bicycle. *Id.* ¶¶ 19–20. Vitellaro announced his authority and

---

[2]The Court accepts as true all of the well-pled facts in the Complaint and draws all reasonable inferences in favor of Vitellaro. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

2

detained J.N. and called the Park Ridge Police Department to report his detention of J.N. *Id.* ¶ 20. Park Ridge Police Officers arrived and conducted a preliminary investigation, which included interviewing Vitellaro, J.N., and other witnesses, and during which they became immediately aware the Vitellaro was a sergeant with the Chicago Police Department. *Id.* ¶¶ 22, 24. No arrests, however, were made. *Id.*

The incident became a viral topic on social media hosted by the Park Ridge Police Department, as well as several other sites. Compl. ¶ 26. The incident also generated outrage in the community directed at Frank Kaminski, the Park Ridge Police Department Chief, as well as the Park Ridge Police Department for failing to arrest Vitellaro. *Id.* ¶ 28. Some community members accused the Park Ridge Police Department of favoritism and racism and insisted that Vitellaro be criminally charged. *Id.* ¶¶ 28–29.

ASA Lynn McCarthy, according to Vitellaro, participated in the investigation of the incident. Compl. ¶ 30. After conducting her investigation, McCarthy, alleges Vitellaro, determined that Vitellaro was acting in his official capacity. *Id.* ¶ 32. McCarthy subsequently authorized felony charges for Aggravated Battery and Official Misconduct against Vitellaro, and on August 18, 2022, Vitellaro was arrested and taken into custody. *Id.* ¶¶ 33–34. Following his arrest, Vitellaro was relieved of his duties as a sergeant with the Chicago Police Department. *Id.* ¶ 36. Vitellaro was acquitted of all criminal charges after a bench trial. *Id.* ¶ 37.

Vitellaro sued Defendants, asserting Section 1983 claims for: deprivation of liberty without probable cause against Kaminski and Park Ridge (Count I);

3

deprivation of liberty without probable cause against McCarthy, Foxx, and Cook County (Count II); due process federal malicious prosecution against Kaminski and Park Ridge (Count III); due process federal malicious prosecution against McCarthy, Foxx, and Cook County (Count IV); as well as Illinois state law claims for: malicious prosecution against Kaminski and Park Ridge (Count V); malicious prosecution against McCarthy, Foxx, and Cook County (Count VI); intentional infliction of emotional distress against Kaminski and Park Ridge (Count VII); intentional infliction of emotional distress against McCarthy, Foxx, and Cook County (Count VIII); *respondeat superior* against Park Ridge (Count IX); *respondeat superior* against Cook County (Count X); indemnification against Park Ridge (Count XI); and indemnification against Cook County (Count XII). Compl. Before the Court is Defendant Foxx and Cook County's (hereinafter, together, the County) Rule 12(b)(6) motion to dismiss the Complaint. Mot. Dismiss.

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

4

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## Analysis

The County argues that the Complaint should be dismissed against Foxx based on (1) group pleading; (2) prosecutorial immunity; (3) failure to allege Foxx's personal involvement in any constitutional violation, and (4) failure to state claim. Mot. Dismiss at 5–14. The County posits that since the claims against Foxx should be dismissed, so too should the *respondeat superior* and indemnification claims against the County. *Id*. at 14–15. Because a finding of immunity would dispense with the need to address any other arguments, the Court begins with the County's prosecutorial immunity argument.

### I. Absolute Prosecutorial Immunity

In Counts II and IV, Vitellaro alleges that McCarthy caused him to be seized without probable cause and initiated criminal proceedings against him, while McCarthy, Foxx, and Cook County caused the criminal proceedings to be improperly continued against him, all in violation of the Fourth and Fourteenth Amendments. Compl. ¶¶ 61–69, 81–89. Relatedly, in Count II, Vitellaro alleges that Foxx violated his Fourth and Fourteenth Amendments "by causing the Plaintiff to be compelled to answer criminal proceedings when she knew that the Plaintiff was authorized to

5

perform the acts for which he was criminally charged." *Id.* ¶ 66. In Counts VI and VIII, Vitellaro asserts Illinois state law claims for malicious prosecution and intentional infliction of emotional distress against the same Defendants, based on the same alleged conduct, as well as Vitellaro's resulting "mental anguish, humiliation, degradation, physical and emotional pain and suffering," among other injuries. *Id.* ¶¶ 101–113, 119–121. The County moves to dismiss the Counts II, IV, VI, and VIII against Foxx on the basis of absolute prosecutorial immunity. Mot. Dismiss at 6–11.

Prosecutors enjoy absolute immune from Section 1983 liability when the prosecutor "acts as an advocate for the state." *Hill v. Coppelson*, 627 F.3d 601, 605 (7th Cir. 2010) (cleaned up).[3] Prosecutorial immunity is "based upon a functional approach that considers the nature of the prosecutor's activities in the case." *Crowder v. Barrett*, 2022 WL 864519, at *10 (N.D. Ill. March 23, 2022) (cleaned up). "If a prosecutor's function was quasi-judicial, the prosecutor enjoys absolute immunity. If the function was administrative or investigatory, the prosecutor enjoys only qualified immunity." *Patterson v. Burge*, 328 F. Supp. 2d 878, 892 (N.D. Ill. 2004) (cleaned up). This immunity emanates from a "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Imbler v. Pachtman*, 424 U.S. 409, 423 (1976). Prosecutorial immunity "shields prosecutors even if they act maliciously,

---

[3]This Order uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (cleaned up). But when a prosecutor's acts are investigative and unrelated to the preparation of and initiation of judicial proceedings, no immunity attaches for that conduct. *Hill*, 627 F.3d at 605.

The County argues that Foxx is entitled to prosecutorial immunity, as the Complaint merely alleges that she, as the State's Attorney, caused Vitellaro to be compelled to answer criminal proceedings when she knew that Vitellaro was authorized to perform the acts for which he was arrested, criminally charged, and prosecuted. Mot. Dismiss at 10 (citing Compl. ¶ 66). These actions, however, assert the County, are core prosecutorial functions for which she is entitled to absolute immunity. *Id.* (citing *Imbler v. Pachtman*, 424 U.S. at 431 ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under s 1983.")); *see also* R. 26, Reply (citing *Jones v. Cummings*, 998 F.3d 782, 788 (7th Cir. 2021) ("The only question is whether [the prosecutor's] conduct—filing and amending criminal charges against a defendant—are core prosecutorial functions. We need not belabor the point. They are.")).

In response, Vitellaro contends that Foxx is not entitled to immunity because there was no probable cause for his arrest, so "the prosecution's role should not be deemed to have ever entered the 'judicial phase', and therefore absolute immunity is not available for the activities for which he seeks relief." R. 23, Resp. at 5. As the County points out in its motion, however, "'absolute immunity shields prosecutors even if they act maliciously, unreasonably, *without probable cause,* or even on the

7

basis of false testimony or evidence.'" Mot. Dismiss at 6 (quoting *Smith*, 346 F. 3d. at 742 (emphasis added)). Vitellaro cites only one case in support, *Hill v. Coppleson*, for the proposition that "[a] prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested." Resp. at 4 (quoting 627 F.3d at 605–06). *Hill*, is distinguishable, however, as it addressed whether the defendant-ASA was acting as an advocate or an investigator when he met with the plaintiff at the police station to take the plaintiff's confession—the court found that if the plaintiff had confessed before the ASA arrived, then the ASA was likely acting as an advocate because the police had probable cause to arrest the plaintiff, whereas if the plaintiff had not confessed before the ASA arrived, then it "would indicate that [the ASA] was likely acting in the role of an investigator searching for more evidence." 627 F.3d at 605–06. Here, as the County argues, the Complaint alleges only that Foxx required Vitellaro to answer criminal proceedings, and continued criminal proceedings, which, even in the absence of probable cause, are still prosecutorial functions. *See Smith*, 346 F. 3d. at 742.

Surprisingly, Vitellaro's response fails to address Foxx's contention that she is entitled to prosecutorial immunity because the Complaint fails to allege that Foxx undertook any act that was not prosecutorial; that is, any investigative act. *See* Resp. True, the response cites case law supporting the unremarkable proposition that "[w]hen a prosecutor performs investigative functions that are ordinarily performed by a police officer or detective, absolute immunity is not applicable." *Id.* at 4 (citing *Simpson v. Meijer, Inc.*, 2013 WL 3834641, at *5 (N.D. Ill. July 24, 2013)). But the

8

Complaint fails to plausibly connect the dots between Foxx's role as the State's Attorney and any investigation that she personally participated in that would strip away prosecutorial immunity. In response, Vitellaro posits that, "[a]s supervisor of the Cook County States Attorney's Law Enforcement Accountability Division (LEAD), the Division dedicated to investigating and charging criminal conduct by police officials, McCarthy was mandated by internal administrative policy, put in place by [Foxx], to report her activities regarding the investigation, and proposed prosecution of police officers, directly to Kim Foxx through Kim Foxx's First Assistant." *Id.* at 6. As the County correctly points out in reply, none of those allegations, however, are pled in the Complaint. Reply at 3.

The Court declines to exercise its discretion to construe these additional factual allegations as a constructive motion to amend. *See Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 488 (7th Cir. 2023). Even if the Court were to consider those allegations, and find that Foxx had knowledge of McCarthy's investigation, nothing in the Complaint alleges that McCarthy's investigation was unconstitutional (like the procurement of a false confession, such as in 627 F.3d at 605–06), such that Foxx acted with a deliberate or reckless disregard of plaintiff's constitutional rights by allowing the investigation to proceed. *See Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). And, as stated above, to the extent that Vitellaro alleges that Foxx initiated criminal proceedings against him without probable cause, or to satisfy the desires of the community, that is protected by absolute immunity. *Smith*, 346 F. 3d. at 742.

9

Because Vitellaro's state law claims for malicious prosecution and intentional infliction of emotional distress are based on the same factual allegations as his Section 1983 claims, Vitellaro fails to demonstrate that Foxx is not entitled to absolute immunity as to the state claims in addition to the federal claims. "The federal and Illinois state doctrines of prosecutorial immunity are coterminous and prosecutors acting within the scope of their prosecutorial duties are absolutely immune from liability under state law." *Dickman v. Office of the State's Atty*, 2018 WL 1377907, at *4, 6 (N.D. Ill. Mar. 16, 2018) (cleaned up) (malicious prosecution and intentional infliction of emotional distress claims were barred by absolute immunity).

In short, the Court finds that the Complaint fails to allege that Foxx, the Cook County State's Attorney at the time of Vitellaro's prosecution, had any role in the investigation of the incident, but instead reveals that her role, if any, in the decision to initiate and continue Vitellaro's prosecution falls under the aegis of absolute immunity. The Court, therefore, need not address the County's remaining arguments seeking dismissal of the Complaint against Foxx.

## II.  *Respondeat Superior* Liability

The County next argues that since the underlying claims against Foxx should be dismissed, Vitellaro's *respondeat superior* and indemnification claims against the County must also be dismissed because *respondeat superior* liability is derivative. Memo. Dismiss at 14–15 (citing *Moy v. Cnty. of Cook*, 640 N.E.2d 926, 928 (Ill. 1994)). Vitellaro responds that his claims against Foxx are not based on *respondeat superior*

10

but rather based on her own participation of the events alleged in the Complaint. Resp. at 7.

Section 1983 creates a private right of action against any "person" who deprives another, under the color of law, of rights guaranteed by federal law, including the Constitution. 42 U.S.C. § 1983. Courts cannot hold a municipality liable under § 1983 on a *respondeat superior* theory. *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011). So, to the extent Vitellaro seeks to hold the County vicariously liable for the actions of Foxx, such a claim is not well-founded.

Because the Court finds that the claims against Foxx must be dismissed, Vitellaro's claim for indemnification against the County based on Foxx's conduct must also be dismissed. *See, e.g.*, *Patrick v. City of Chicago*, 81 F.4th 730, 737 (7th Cir. 2023). To the extent Vitellaro seeks to require the County to indemnify some other Defendant besides Foxx, that claim is not before the Court on this motion.

## Conclusion

For the foregoing reasons, the Court grants the County's Motion to Dismiss [8]. The County requests that the dismissal be with prejudice, Mot. Dismiss at 15, whereas Vitellaro requests leave to amend "to allege additional matters, including additional factual material," Resp. at 7. "Although the current claim does not indicate any exception to prosecutorial immunity, out of an abundance of caution, the dismissal will be without prejudice," and Vitellaro may amend his Complaint against Foxx and Cook County if he is able, consistent with his Rule 11 obligations, to allege that Foxx was individually involved in any unconstitutional pre-prosecution or

investigatory conduct. *Rector v. Searby*, 2019 WL 3429418, at *1 (S.D. Ill. July 30, 2019). However, "to the extent [Vitellaro] is basing his malicious prosecution claim on [Foxx's] decision to initiate criminal charges against him, that portion of the claim is barred by absolute immunity and is dismissed with prejudice." *Van Guilder v. Glasgow*, 588 F. Supp. 2d 876, 881 (N.D. Ill. 2008). The Court has the remaining motions to dismiss [24], [28] under advisement.

Franklin U. Valderrama
United States District Judge

Dated: July 28, 2025